No. 13,862.

NORTH AMERICAN ACCIDENT INSURANCE COMPANY *v.* CAVALERI.

( ... P. [2d] ... )

Decided March 30, 1936. On rehearing original opinion adhered to June 15, 1936.

Mr. L. Bernard Davis, for plaintiff in error.

Mr. L. E. F. Talkington, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

North American Accident Insurance Company issued to Joe Cavaleri a policy of insurance, whereby it agreed to pay to Nettie Cavaleri a sum of money in case Cavaleri should die through external, violent and accidental means, causing his death within ninety days from the occurrence of the accident. While the policy was in force, Cavaleri committed suicide by shooting himself in the head with a gun, dying instantly. The beneficiary sued on the policy and obtained judgment. The defendant seeks a reversal of the judgment.

In order to recover on a policy insuring against accidental death, a plaintiff must prove that the insured died as the result of an accident. Where a person commits suicide while insane, the death is accidental; where he commits suicide while sane, the death is not accidental. *Capitol Life Ins. Co. v. Di Iullo,* 98 Colo. 116, 53 P. (2d) 1183. Every person is presumed to be sane until the con-

trary appears. *Ingles v. People,* 90 Colo. 51, 6 P. (2d) 455. This presumption exists in civil cases as well as in criminal cases. ''Sanity * * * being the normal condition of man, the courts will presume that every person is sane until the contrary appears.'' 10 R. C. L., p. 879, §25. The presumption of sanity is not overcome by the fact of suicide. *Ledy v. National Council,* 129 Minn. 137, 151 N. W. 905; Note, Ann. Cas. 1916E 486; Id. 1912A 41. ''The law draws no inference of insanity per se from the suicidal act and creates no presumption of insanity.'' 14 R. C. L., p. 621, §72.

There was no evidence having the slightest tendency to show that Cavaleri was insane when he committed suicide; nor was it contended or even suggested in the trial court that he was insane, and no such contention or suggestion is made in this court.

As plaintiff wholly failed to prove accidental death, she failed to show a right of recovery on the accident policy.

The judgment is reversed.

MR. JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE YOUNG dissent.