No. 14,056.

Cavaleri *v.* North American Accident Insurance Company.
(68 P. [2d] 452)

Decided May 3, 1937.   Rehearing denied May 24, 1937.

Mr. L. E. F. Talkington, Messrs. Alter & Upton, for plaintiff in error.

Mr. L. Bernard Davis, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

On April 8, 1933, the North American Accident Insurance Company, herein mentioned as defendant, issued its accident policy to Joe Cavaleri whose wife, Nettie, plaintiff below, was named beneficiary. The policy provided payment of a principal sum in case the insured should die "through external, violent and accidental means." While the policy was in full force and effect and on March 18, 1935, the insured committed suicide by shooting himself, dying instantly. On May 27, 1935, plaintiff brought suit to recover on the policy and obtained judgment. The complaint contained the following: "* * * the death of said insured occurred while said policy was in force, which death was effected directly and independently of all other causes through external, violent and accidental means, and which injury caused the death of said insured within ninety days from the occurrence of such accident." The answer alleged that "insured * * * died as a result of a gunshot wound, self-inflicted, with suicidal intent; at the time he so shot himself he understood the physical and consequential nature of his act in so shooting himself, and understood its moral nature and aspect; and the death of the said Joe Cavaleri resulted from voluntary suicide," and further, referring to the policy, it stated, "that the insurance thereunder does not cover any loss caused or contributed to by suicide or any attempt thereat while sane or insane." The replication denied these allegations of the answer. Trial resulted in a judgment for plaintiff, to which defendant assigned error and the cause was duly docketed in this court. June 15, 1936, we reversed the judgment holding that, "Where a person commits suicide while insane, the death is accidental; where he commits suicide while sane, the death is not accidental." Our opinion also recites that "There was no evidence having the slightest tendency to show that Cavaleri was insane when he committed suicide; nor was it contended or even suggested in the trial court that he was insane, and no such contention or suggestion is made in this court.

"As plaintiff wholly failed to prove accidental death, she failed to show a right of recovery on the accident policy.

"The judgment is reversed." *North American Co. v. Cavaleri,* 98 Colo. 565, 58 P. (2d) 756.

The cause was remanded to the trial court "for further proceedings according to law." The remittitur contained the following: "Now, Therefore, this cause is remanded to * * * the said county court in and for the said City and County of Denver and State aforesaid, that such further proceedings may be had in said cause as shall conform to the judgment of this court entered as aforesaid, as also with the opinion filed therein."

Thereafter plaintiff appeared in the lower court and moved that the case be set for retrial to a jury. Defendant objected, and argued that upon the reversal, the case was remanded for dismissal only and moved that judgment be entered for the defendant. The court sustained defendant's objection and motion and dismissed the case. To this ruling, and judgment of dismissal, plaintiff assigns error.

The controversy is clearly disclosed by the position taken by the parties. Plaintiff contends that she was entitled to a new trial and defendant insists otherwise.

It is apparent from the record that the matter of the sanity or insanity of Cavaleri was not considered to be material at the time of the trial. Plaintiff took the position that when it was established that the policy was in full force and effect and that the insured's death was not from natural causes, but from violent and external means, that a prima facie case was made under the theory that section 2532, C. L. 1921, providing that suicide shall not be a defense against the payment of life insurance, was applicable. Defendant raised no objection during the trial based on insufficiency of the evidence; but when it presented the case here, seeking to have the judgment reversed, and in support of its application for supersedeas, it made the following statement:

"We present only one question of law for this court's consideration:

"1. Was the insurance contract held by Joe Cavaleri a new contract on the first day of each month beginning with the 1st day of May, A. D. 1933, so as to bring it within the provisions of Section 2532, Chapter 42, Compiled Laws of Colorado, 1921, as amended by Chapter 113, Session Laws of Colorado, 1933, relating to payments under life insurance policies where death resulted from suicide?''

No other contention was ever made until after the rendition of our opinion reversing the judgment, when on rehearing, and for the first time, defendant raised the question of insufficiency of the evidence. Had it presented that matter at the close of plaintiff's case, and then contended that the evidence was insufficient to show a right of recovery, pointing out particularly the failure of proof of insanity, then, the question having been raised, plaintiff could not now be further heard. But the question was not raised. Plaintiff was and is entitled to show her right of recovery, if any she has, and as a matter of fairness and justice, if not as a matter of right, she should be allowed, under the circumstances, to make her showing. This could not be prejudicial to the rights of defendant in the light of the record in this case.

Under the peculiar circumstances of the record, the intention as to future proceedings is left somewhat in doubt by our opinion of reversal herein quoted in part. It seems to be the rule that where there is such doubt it generally is resolved in favor of a new trial. 4 C. J., p. 1239, §3299.

In 3 American Jurisprudence, page 722, section 1221, under the heading, "Matters Not Passed Upon at Trial," is the following: "A new trial will be directed where a reversal is ordered on grounds not called to the attention of the trial court, and for defects which the opposing party was given no opportunity to remedy, where a material issue was ignored in the lower court or

was not passed upon by the jury, where it does not appear whether the court below considered a controlling statute, where there is no finding or determination of material fact, or where a point was not contested in the trial court, because of confidence apparently reposed in an erroneous expression by the appellate court in another case. In other words, questions as to certain rights of the parties not presented or decided in the lower court will not be decided on appeal, but the cause will be remanded for further proceedings.''

An entirely new theory upon which the case should be tried was established by this court by its pronouncement on the former review, and the principles then laid down became the law of the case to govern in a new trial. Evidence which all parties considered immaterial on the former hearing became, and now is, material under the law so established. That it was considered by defendant to be immaterial is apparent from the fact that it made no objection on the trial or in this court, based upon the absence of such evidence, and no contention was advanced as to the necessity for its presentation.

The cases cited by defendant in error having to do with the matter of motions for new trial based upon newly discovered evidence, have no applicability here.

The judgment of dismissal is reversed and the cause remanded with directions to the trial court to reinstate the cause and sustain plaintiff's motion to set the case for retrial.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.