No. 15,726.

BALLENSKY *v.* THE PEOPLE.
(178 P. [2d] 433)

Decided February 24, 1947.

Mr. BUEL R. WOOD, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. James S. Henderson, Assistant, for the people.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as defendant, was convicted of forging and uttering a bank check for $21.00 and sentenced to the penitentiary for a term of one to five years. To review that judgment he prosecutes this writ alleging two reversible errors: 1. Insufficiency of the evidence. 2. Former jeopardy.

1. This contention rests solely on the fact that defendant's mother testified he had, and always had, authority to write such checks, and that checks so written were "made good." The check here in question bore the signature of defendant's mother with no indication that it was not written by her. That it was written, signed and passed by defendant is unquestioned. As evidence of plan and intent, proof of numerous like checks, totaling between three and four hundred dollars, was introduced. These were cashed in Grand Junction, Colorado, and defendant took a portion of the proceeds to California and with those funds purchased an automobile. All were at first dishonored. After his arrest they were taken up by his parents. There was evidence before the jury of defendant's admission that while at first he had authority to write checks that authority "had been taken from him." Also that he had no authority, but "had done it before and the checks had been made good." Clearly this is a simple case of conflicting evidence on a disputed fact and the issue was for the jury.

2. When first arrested defendant entered a plea of guilty and was sentenced to, and incarcerated in, the penitentiary October 31, 1944. December 23, 1944, he

moved to vacate the sentence and for a writ of error coram nobis on the ground that his plea was entered on false information given him by the chief of police that his mother had denied his authority to issue checks under her signature. January 25, 1945, that motion was granted and twenty days later the district attorney filed an original action in prohibition in this court against the district court. March 7, 1945, defendant moved to dismiss, specifically making, by reference, as a part of that motion "all the minutes, orders, files and records in this action and to the contents of said record and files. April 19, 1945 the motion to dismiss was granted. November 15, 1945, defendant filed in the district court his plea of former jeopardy which was served on the district attorney the following day. When the cause came on for trial that plea was overruled. The jury returned a verdict of guilty and December 17, 1945, defendant was sentenced, to which judgment the present writ is directed.

For several reasons former jeopardy is unavailing to defendant and the district court was right in overruling that plea. "If the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy." Colorado Constitution, Art. II, §18; *Young v. People,* 54 Colo. 293, 130 Pac. 1011. "Former jeopardy" is a personal privilege which a defendant may take advantage of or waive as he pleases and his waiver may be implied from his conduct. *State v. White,* 71 Kan. 356, 80 Pac. 589. The authorities are uniform that the defense must be made at the earliest reasonable time and before trial on the merits begins, usually before arraignment. Here the very trial and judgment to which defendant now objects was of his own seeking. He began his demands therefor almost a year before the district attorney sought to prevent it by prohibition in this court. That action he vigorously and successfully contested. He not only impliedly waived former jeopardy, but specifically waived it because in the action in prohibition here he said: "Plaintiff (the district attorney)

has a plain, speedy and adequate remedy, to wit, a new trial in the lower court wherein the defendant Ted Verl Ballensky Jr., may and will be punished if he be found guilty."

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD concur.