**PRICE et al. v. DAIME.**

No. 872.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 19, 1949.

Decided Feb. 16, 1950.

See also 71 A.2d 611.

Dan Piver, Washington, D. C., for appellants.

Josiah Lyman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case is before us for the second time. Plaintiffs Price had brought suit against Daime to recover an electric delicatessen case and computing scale. They prevailed in the trial court but on appeal to this court the case was reversed in favor of defendant Daime. Daine (sic) v. Price, D.C.Mun.App., 63 A.2d 767. Upon remand plaintiffs Price moved to have further proceedings in accordance with that opinion and mandate. After a hearing the trial judge denied the motion and ordered final judgment of possession in favor of defendant. Plaintiffs now appeal.

The record in the earlier appeal disclosed that the chattels had been sold to defendant

under an oral agreement by which plaintiffs received one check currently dated, which they cashed, and two which were postdated. There was delivery of the chattels at the time of payment. Subsequently one of the other checks was dishonored and defendant executed a promissory note, ·a certificate of installation, and a conditional sales contract which stated that title to the chattels would "remain" in the sellers Price. It was upon this second contract—the conditional sales agreement—that plaintiffs had brought their action for replevin.

We ruled that the property in the chattels had passed to defendant at the time of the original sale, several weeks before the signing of the conditional sales contract, and that the plaintiffs retained no lien since the buyer had obtained possession of the goods lawfully. Consequently we held that the conditional sales contract was ineffective, and that there was no evidence that either the property in the chattels or possession thereof had ever been transferred back to plaintiffs; nor was there return of the consideration or a rescission of the original contract. Under the terms of the conditional sales contract plaintiffs had purported to sell something which they did not own. And since they had not shown any retransfer of the property subsequent to the initial sale, replevin was not available as a remedy. In our opinion we ordered a reversal in general terms, and our mandate recited that the case was being remanded "for further proceedings in accordance with the opinion of this court."

As grounds for their motion for "further proceedings" upon remand, plaintiffs cited:

"1. The mandate of the Municipal Court of Appeals for the District of Columbia.

"2. The opinion of the Municipal Court of Appeals for the District of Columbia.

"3. And for such other matters as may be called to the attention of Court at the hearing hereof."

The Agreed Statement of Proceedings and Evidence states: "The plaintiff filed a Motion * * * and argued that the mandate together with the opinion * * *

directed the lower Court to have further proceedings and to permit the introduction of further testimony in accordance with that opinion and mandate."

Although the record does not show more than the general grounds quoted above, both briefs on this appeal treat the motion as a request for a new trial. Plaintiffs argue that their motion should have been granted, and that it was error for the trial judge to enter judgment for the defendant "for damages and for possession of the goods and chattels heretofore replevied by plaintiffs." Their argument revolves chiefly around the contention that "further proceedings" under the remand and mandate meant the reception of additional evidence or a new trial in order to determine the rights of the litigants.

We have twice had occasion to rule on the disposition to be made of a case, after reversal by us with a remand to the trial court for further proceedings. In Pyramid Nat. Van Lines v. Goetze, D.C. Mun.App., 66 A.2d 693, 694, an appeal was taken from the order of the trial court awarding a new trial upon remand of the case. We reviewed the general principles of reversal and remand: "The remand for further proceedings is always made when the record does not enable the reviewing court to determine the rights of the parties. * * * Where a judgment previously entered for a defendant is reversed without further order, the mandate to that effect does not preclude any other affirmative action unless specifically directed by the appellate court. * * * Thus in cases of reversal and remand for further proceedings, the general rule is that the lower court is free to make any order or direction in further progress of the case not inconsistent with the appellate decision as to any question not presented or decided by such decision. * * * We conclude, therefore, that it was not beyond the power of the trial court in the present case to order a new trial in its discretion and in furtherance of justice." [1]

Earlier, in District of Columbia v. Huffman, D.C.Mun.App., 42 A.2d 502, 503,

1. Citing 3 Am.Jur., Appeal and Error, § 1210, 1184, 1233.

we had a situation closer to the facts in the present appeal. Although the case was a criminal proceeding, we stated the principles applicable to reversal and remand in civil cases and held them controlling. There a conviction had been reversed on the ground that the evidence was not sufficient to establish guilt. As is the case in the present action: " * * * our decision constituted a reversal general in terms. We did not in so many words order a new trial but returned the case for 'further proceedings in accordance with this opinion.' " The trial judge had apparently construed this to mean that a new trial did not accrue to the government as a matter of right; accordingly, over protest, he required that before there would be such a retrial, the prosecutor had to disclose the substance of the new or additional evidence to determine whether it would meet the criticisms in our opinion. We held this denial of the new trial to the government to be error. " * * * We had not decreed a final judgment on the merits; if we had, our decision would have ordered defendant discharged. We had not said that it was impossible to prove defendant guilty by any kind or amount of evidence. Our decision was that the evidence was insufficient. That did not justify the court below in terminating the prosecution merely because the government could not or would not disclose in advance and in detail what its new evidence would be." [2]

We continued:

"Where * * * the reversal is general in terms and without express instructions, it ordinarily means that a new trial is to be had, for there is usually no other way of deciding the issues.

"That seems to be why it has been repeatedly held that upon a reversal with general directions the case stands in the trial court in the same position as if no trial had been held; and that in civil cases pleadings can be amended or new ones filed, new issues framed, and a completely new trial will result, subject only to the restriction that the new proceedings shall not be inconsistent with the opinion of the appellate court." [3]

Thus this court like most others, is committed to the rule that while a new trial does not automatically follow every general reversal, such will ordinarily be the result.

In the present case our opinion held that the plaintiffs were not entitled to bring an action in replevin since the plaintiffs' right to immediate possession and defendant's wrongful taking or wrongful or unlawful detention was not shown. But we also held: "The record is entirely barren of any evidence which would indicate that the parties intended to accomplish more than was contained in the terms of the written conditional sales contract. We have no doubt that the parties could have re-transferred title to plaintiffs and thus have accomplished an effective security transaction. However, the conditional sales contract did not do so."

Further, we noted: "The sellers had and probably still have remedies available for collecting the balance due on the sale of the chattels. It is possible that the transaction could be construed as a chattel mortgage since a chattel mortgage and a conditional sale are the same in many respects although different in form. We have no occasion to pass upon that question here since it is not raised."

Thus we suggested grounds upon which plaintiffs might recover other than on the conditional sales contract.

■ It is true that the "motion for further proceedings" is couched in vague language and based on skimpy grounds, and that plaintiffs would have helped their situation had they outlined what "further

2. Citing: Illinois Power & Light Corporation v. Hurley, 8 Cir., 49 F.2d 681.

3. Citing, among others, Wilson v. Newburgh, 42 App.D.C. 407; Hawkins v. Cleveland, C. C. & St. L. Ry. Co., 7 Cir., 99 F. 322; Madden Furniture v. Metropolitan Life Ins. Co., 5 Cir., 127 F.2d 837; Commercial Nat. Bank in Shreveport v. Parsons, 5 Cir., 144 F.2d 231.

proceedings" they desired to take, what evidence they proposed to offer, or generally, in the interest of orderly procedure, what action they desired at the hands of the trial court. Nevertheless, despite their vague approach, we think it would have been sounder procedure under the principles stated in the Huffman case, for the trial court to reopen the case, instead of proceeding at once to enter final judgment. It is to be noted that the record showed that plaintiffs in presenting their motion did argue that our mandate required the trial court "to permit the introduction of further testimony in accordance with that opinion and mandate." And presumably by the further testimony they were seeking to offer they would attempt to supply the insufficiency which we criticized in our earlier opinion. This opportunity should not have been denied them.

We do not say that a new trial after reversal is always a matter of right, or follows as a matter of course. But where there is a doubt as to what future proceedings are to be taken by the trial court after reversal, such doubt is generally resolved by granting a new trial.[4] Only in such a proceeding could the material issues between the parties be finally resolved. We did not rule, on the first appeal, that an action of replevin would never lie between them; we did not rule on the merits of the case. We ruled only that on the evidence produced replevin did not lie. And even though the theory on which plaintiffs might proceed anew and the evidence which would be offered in the new trial were not fully presented in the record, such is not necessary under the Huffman decision.

Reversed and remanded for further proceedings in accordance with this opinion.

4. Caualeri v. North American Acc. Ins. Co., 100 Colo. 458, 68 P.2d 452. It has also been held that where it appears from the opinion that the grounds of reversal are of a character that could be obviated by an amendment of the pleadings or by the introduction of additional evidence, the trial court is bound to permit the cause to be redocketed, amended, and new evidence received. Kinney v. Lindgren, 373 Ill. 415, 26 N.E.2d 471. See "Right of trial court to grant new trial as affected by appellate proceedings," 139 A.L.R. 340.