No. 18,754.

'CECILE O. MURRAY *v.* THE TRAVELERS INSURANCE CO.

(352 P [2d] 678)

Decided May 31, 1960.

Mr. JOHN T. DUGAN, for plaintiff in error.

Messrs. WOOD, RIS & HAMES, for defendant in error.

*In Department.*

PER CURIAM.

THE parties appear here in the same order as in the

trial court, and we will refer to them as plaintiff and defendant. The plaintiff, as widow and beneficiary, brought suit against the defendant on an accident insurance policy issued to her deceased husband. The policy was in the amount of three thousand dollars for accidental death, but contained a provision barring recovery in case of suicide.

The complaint alleged issuance of the policy, the death of insured from accidental burning while the policy was in force, and the refusal of the defendant to pay the amount due under the policy. Defendant, by answer as a first defense, admitted the issuance of the policy and death of the insured while the policy was in force, but denied the death was accidental; by way of second defense it pleaded false representation of material facts by the insured relating to his insurability.

The case was tried to a jury on the issues of suicide and misrepresentation, resulting in a verdict for defendant. The plaintiff did not move for directed verdict, tendered no instructions, and made no objection to the instructions given by the court. She did object to the reception of a certified copy of the death certificate listing suicide as cause of insured's death and to the taking of evidence touching on the question of suicide. The objection, which was overruled, was predicated on the ground that suicide is an affirmative defense that must be specially pleaded and cannot be raised by a general denial.

The evidence revealed that on August 28, 1955, the deceased suffered severe burns on eighty percent of his body as the result of a fire in his automobile on a county road bordering the Rocky Mountain Arsenal in Adams County; that the car had been burning for some time before the deceased got out of the car; that as he left the car his clothes were "all afire"; that a passing motorist stopped and, in an attempt to extinguish the flames, threw sand on the deceased, the motorist later testifying that the deceased at the time said, "Just let it burn and

burn"; that while it was the inside of the car which was on fire and while the interior was badly burned, there was no fire damage under the hood and none in the trunk except where the rear seat had burned away; that after the fire in the car had been extinguished witnesses saw a "fairly well burned" gallon can in the car interior; that the deceased was taken to the hospital and on August 30, 1955, died as the result of the burns he sustained.

The insured made written application for the policy, which did not require a medical examination, on June 6, 1955. Prior to June 6, 1955, and contrary to his statements in the application, the deceased had filed eight claims with another insurance company on a sickness and health policy; had undergone an operation and suffered from defective vision in his left eye; had been subject to a fainting spell and had been hospitalized under the care of a physician.

It was further shown that deceased maintained the family home in Aurora, Colorado, but was employed by the Union Pacific Railroad in the Hugo-Oakley-Sharon Springs area as a relief foreman, which necessitated his being away from home for extended periods of time; that on August 8, 1955, plaintiff sued deceased for separate maintenance and on that date obtained both a restraining order and an order for temporary support. The insured kept company with a woman living in Hugo who testified that he was drinking heavily in July and August of 1955 and had mentioned suicide on several occasions.

The record discloses ample evidence to sustain the verdict on either or both of the issues which were submitted without objection to the jury.

## QUESTION TO BE DETERMINED

*In an action on an accident policy where the plaintiff alleges death of the insured as the result of an accident, can the defense of suicide be raised by general denial?*

The question is answered in the affirmative.

The plaintiff having alleged accident, the bur-

den was on her to prove the accidental death of the insured. Suicide, not being an accident, will defeat recovery on an accident policy. *North American Insurance Co. v. Cavaleri,* 98 Colo. 565, 58 P. (2d) 756; *Capitol Life Insurance Co. v. DiIullo,* 98 Colo. 116, 53 P. (2d) 1183; *Vann v. Union Central Life Insurance Co.,* 10th Cir., 140 F. (2d) 611. The defendant's denial that insured met his death by accidental means is equivalent to an affirmative plea of suicide, which need not be specially pleaded. *Travelers Insurance Co. v. Bell,* 5th Cir., 188 F. (2d) 725; *Kahn v. Metropolitan Casualty Insurance Co.,* 240 S.W. 793 (Mo. 1922).

The general denial put the cause of death in issue and any evidence negativing accidental means was admissible. The court properly admitted the evidence of suicide. *Landau v. Pacific Mutual Life Insurance Co.,* 305 Mo. 542, 267 S.W. 370; *McAlpine v. Fidelity & Casualty Co.,* 134 Minn., 192, 158 N.W. 967.

The judgment is affirmed.

MR. JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.