No. 22792.

BURNELL GENE STAFFORD *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(438 P.2d 696)

Decided March 25, 1968.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

ON May 4, 1961, plaintiff in error, hereinafter referred to as Stafford, was convicted of the crime of first degree murder and was sentenced to life imprisonment in the state penitentiary. The judgment was reversed by this court on January 27, 1964, and the cause was remanded for further proceedings consistent with the views expressed in that opinion. *Stafford v. People,* 154 Colo. 113, 388 P.2d 774. Thereafter Stafford entered a plea of guilty to the crime of voluntary manslaughter. On April 6, 1964, the date set for sentencing, counsel for Stafford moved that the defendant be credited with the time theretofore served in the prison during the pendency of the first action. This motion was made and denied prior to imposition of sentence. Stafford was sentenced to a term of not less than seven nor more than eight years in the state penitentiary.

On April 9, 1964, Stafford's attorney filed a motion under Colo. R. Crim. P. 35 asking that the sentence imposed on April 6 be vacated and a new sentence imposed nunc pro tunc as of May 4, 1961. The ground of the motion was that the defendant was entitled to credit for the time served on the first degree murder conviction, to wit: from May 5, 1961, until April 5, 1964. This motion was denied. No writ of error was directed to the judgment entered by the district court.

On May 12, 1965, Stafford, acting pro se, filed an instrument called "Motion to Vacate Judgment and Sen-

tence, Pursuant to Rule 35 (b), Colo. R. Crim. P." The sole ground of the motion was that he should have been credited for the time served on the first conviction of the crime of murder. The motion was denied. No writ of error was issued directed to this action of the district court. Stafford went before the Federal District Court on petition for writ of habeas corpus and was refused relief — as he alleges — on the ground that he had not exhausted his remedies in the state courts. Thereupon, on December 29, 1966, Stafford, again appearing pro se, filed a second motion to vacate the judgment on the same grounds which were asserted in the motion filed May 12, 1965. The motion was again denied and Stafford is here on writ of error seeking a reduction by two years and eleven months in the sentence imposed by the trial court, that being the time consumed in the review proceedings on the murder conviction.

■ Stafford's entire argument of the legal point is based on Colo. R. Crim. P. 35 (c) which provides:

"Whenever the court resentences a defendant *under this rule,* it shall order that the new sentence be operative as of the time of the defendant's confinement under the original sentence, in which case any period of confinement under the terms of the vacated sentence shall be credited to the defendant as having been served under the new sentence so imposed." (Emphasis added.) This rule clearly does not apply to the case at bar. The sentence imposed on the defendant for voluntary manslaughter was not a resentencing under Rule 35. It was a new, different and distinct sentence, resulting from the defendant's plea of guilty to a new and separate charge of voluntary manslaughter. The fact that the voluntary manslaughter charge was based on the same set of circumstances as the first degree murder case and was filed because of this court's reversal of the murder conviction does not bring the case within the purview of Rule 35 (c). Essentially, the defendant's argument is that he is being twice punished for the same offense.

It has long been the law of Colorado that the reversal of a judgment of conviction for errors of law renders the verdict and judgment therein a nullity, warranting a second trial based on the same facts. *Garvey's Case,* 7 Colo. 384, 3 P. 903; *Packer v. People,* 8 Colo. 361, 8 P. 564. By constitutional mandate in Colorado the reversal of a conviction does not result in jeopardy. Article II, section 18, of the Colorado Constitution provides: "No person shall be compelled to testify against himself in a criminal case nor shall any person be twice put in jeopardy for the same offense. If the jury disagree, or if the judgment be arrested after the verdict, or *if the judgment be reversed for error in law,* the accused shall not be deemed to have been in jeopardy." (Emphasis added.) *Young v. People,* 54 Colo. 293, 130 P. 1011; *Ballensky v. People,* 116 Colo. 34, 178 P.2d 433.

The petition tendered no issue of fact requiring an evidentiary hearing, and it was properly denied.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS not participating.