**Juan GOMEZ, Plaintiff-Appellant,**

v.

**Thomas R. ENSOR, Judge of the Adams County Court and the Adams County Court, Defendant-Appellee.**

**No. 84CA0193.**

Colorado Court of Appeals, Div. I.

Oct. 18, 1984.

Rehearing Denied Nov. 15, 1984.

Certiorari Denied Jan. 21, 1985.

David R. Juarez, Westminster, for plaintiff-appellant.

James F. Smith, Dist. Atty., Brian J. McCoy, Deputy Dist. Atty., Brighton, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Juan Gomez, was convicted in the county court of driving under the influence of intoxicating liquor (DUI) and careless driving. On appeal, the district court reversed both convictions, DUI because opinion testimony had been improperly admitted at trial and careless driving because of insufficient evidence. Other than ruling that "the holdings of the trial court are reversed," no further instructions were contained in the district court opinion.

The file was returned to the county court. That court, through Judge Ensor, met with counsel for both sides. Gomez' attorney argued to the court that it had no jurisdiction to do anything except to dismiss the case. However, the county court ruled that the careless driving charge had in effect been dismissed but that the DUI charge had only been reversed and that a remand for retrial was implied. The court then set a date for retrial of that charge.

Gomez then filed this action in the district court under C.R.C.P. 106, seeking a writ prohibiting any further prosecution of this case in the county court on the grounds (1) that a retrial would violate his constitutional protection against double jeopardy, and (2) that since there was no language of remand in the district court's order of reversal the case is at an end and the county court lacks jurisdiction to do anything. A different district judge from the one who presided over the original appeal issued an order directing defendants to show cause why a permanent writ should not be entered. Briefs were submitted by both sides, after which the court discharged the rule to show cause. Gomez appeals. We affirm.

### I.

■ Gomez' double jeopardy argument is without merit. "[I]f the judgment [of conviction] be reversed for error in law, the accused shall not be deemed to have been in jeopardy." Colo. Const. art. II, § 18; *Stafford v. People*, 165 Colo. 328, 438 P.2d 696 (1968).

### II.

■ Contrary to Gomez' contention, we hold that under the circumstances of this case the county court has the authority to retry Gomez on the DUI charge.

Here, the district court, acting pursuant to its statutory power to "review the case on the record," § 13–6–310(2), C.R.S., reversed the DUI conviction for errors of law. However, that did not dispose of the matter. "Whether a reversal without direction necessitates a new trial depends on the intention of the appellate court and generally if such reversal is for an error committed during the trial, it will be interpreted as requiring new trial." *Crouch v. Truman*, 84 Ariz. 360, 328 P.2d 614 (1958). Any doubt as to the course of future proceedings following reversal is resolved in favor of a new trial. *Cavaleri v. North American Accident Insurance Co.*, 100 Colo. 458, 68 P.2d 452 (1937). "[T]he reversal of a judgment of conviction for errors of law renders the verdict and judgment therein a nullity, warranting a second trial based on the same facts." *Stafford v. People, supra.* The absence of language of remand in the district court's order of reversal does not obscure the obvious purpose to permit the DUI case to go forward to a trial on its merits without the legal defect that necessitated the reversal. *See Fish v. Charnes*, 652 P.2d 598 (Colo.1982).

The county court correctly interpreted the reversal order as calling for a new trial on the DUI charge. Hence, Gomez' request to the district court for a writ of prohibition was properly denied.

Order affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent to Part II of the majority opinion.

The statute controlling the appeal of Gomez' original conviction is contained in § 13–6–310(2), C.R.S. This section reads: "The district court shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; except that the district court, in its discretion, *may* remand the case for a new trial with such instructions as it *may* deem necessary, or it may direct the case be tried *de novo* before the district court." (emphasis supplied)

Here, the record shows that the district court did not choose to exercise its discretionary prerogative of remanding the case for new trial. Neither the county court nor this court may exercise that discretion for it. Therefore, if the People were dissatisfied with the refusal to remand, their remedy was either to seek clarification from the district court in a timely manner or by petition for certiorari to the supreme court pursuant to § 13–6–310(4), C.R.S. *See People v. Dee*, 638 P.2d 749 (Colo.1981); *cf. People v. Dement*, 661 P.2d 675 (Colo. 1983).

I do not find the authorities relied upon by the majority to be persuasive. They are statutorily and factually inapposite. For example, in *Stafford v. People*, 165 Colo. 328, 438 P.2d 696 (1968) cited by the majority, the supreme court specifically remanded the matter for retrial. Further, none of the cases relied upon addressed § 13–6–310 which was passed in 1964 as part of the legislative court reform pursuant to the amendment of Article VI of the *Colorado Constitution*, adopted in 1962.

I would therefore reverse the judgment of the trial court in this matter and remand with instructions to grant Gomez the relief requested in his C.R.C.P. 106 complaint.