The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

John Manuel **OVALLE**, Defendant–Appellant.

No. 01CA0050.

Colorado Court of Appeals, Div. V.

May 9, 2002.

Rehearing Denied June 27, 2002.

Ken Salazar, Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robert Stuart McCormick, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by judge NIETO.

Defendant, John Manuel Ovalle, appeals the sentence imposed upon his guilty plea to one count of escape, a class three felony. We dismiss the appeal in part and affirm the sentence.

This case originated from an escape charge filed against defendant in 1993 after he failed to return to a community corrections residential facility. Defendant entered into a plea agreement, whereby he pled guilty to an amended count of attempted escape, a class four felony, in exchange for dismissal of the original class three felony charge. Under the terms of the agreement, defendant was sentenced to two years in the Department of Corrections (DOC), plus the three-year mandatory parole term required by § 18–1–105(1)(a)(V)(A), C.R.S.2001.

Defendant was released from DOC to begin serving his mandatory parole period on December 12, 1995. Later, defendant's parole was revoked, and he was returned to DOC to serve the time remaining on his mandatory parole term.

Defendant then filed a motion entitled "Petition Pursuant to Rule 106, C.R.Cr.P.," which the trial court considered as a postconviction motion under Crim. P. 35(c). In the motion, defendant contended that DOC had not credited the proper amount of presentence confinement and earned time against his remaining sentence. The trial court granted the motion and determined that defendant was entitled to 383 days credit, leaving approximately two years remaining to be served.

A few days before this ruling, defendant had filed a separate Crim. P. 35(c) motion, in which he contended that he had not been adequately advised of the mandatory parole term that was part of his sentence on the attempted escape charge, and that the addition of the term violated his plea agreement. He argued that his sentence was void and illegal.

In an order dated August 13, 1999, the trial court granted the motion, set aside defendant's guilty plea, vacated his sentence, reinstated the original charge, and set the case over for arraignment. No timely appeal was taken from this ruling.

In addition to the reinstated charge, defendant was charged with four habitual criminal counts. At that time, defendant had charges pending in another case that also included habitual criminal counts. Defendant then entered into a plea agreement under which he pled guilty to a charge in each case.

In the case that is the subject of this appeal, defendant entered a guilty plea to the class three felony escape charge and the habitual criminal counts were dismissed. Defendant was sentenced to eight years in DOC plus five years of mandatory parole, with credit for time served to be determined. This appeal followed.

## I.

■ Defendant contends that the trial court erred in its order dated August 13, 1999. He argues that the court should not have granted his second Crim. P. 35(c) motion, and that it erred by vacating his conviction and sentence and reinstating the original class three felony escape charge. However, we are without jurisdiction to review that order or contentions based upon it.

Crim. P. 35(c)(3) provides, in pertinent part:

> If the court finds that defendant is entitled to postconviction relief, the court shall vacate and set aside the judgment, impose a new sentence, or grant a new trial, or discharge the prisoner, or make such orders as may appear appropriate to restore a right which was violated.... *The order of the trial court granting or denying the*

*motion is a final order reviewable on appeal.* (emphasis added)

Here, the trial court's order was entered on August 13, 1999, and it was not timely appealed. Thus, once the time limitations of C.A.R. 4(b) expired, the order became final. *See People v. Janke,* 852 P.2d 1271, 1273 (Colo.App.1992)(order ruling on a Crim. P. 35(c) motion becomes final after the period in which to perfect an appeal expires).

Therefore, we are without jurisdiction to address defendant's contentions regarding the August 13, 1999, order. As a result, we dismiss this portion of the appeal.

## II.

■ Defendant also contends that his sentence violates the constitutional prohibition against double jeopardy because he had already discharged the DOC portion of the sentence imposed upon his original guilty plea. He argues that imposing additional imprisonment constitutes multiple punishments for the same offense. We disagree.

■ The double jeopardy clauses of the United States and Colorado constitutions protect an accused from multiple punishments for the same offense. U.S. Const. amend. V; Colo. Const. art. II, § 18; *People v. Chavez,* 32 P.3d 613 (Colo.App.2001).

■ However, if a judgment of conviction is reversed for an error of law, the defendant is not deemed to have been in jeopardy for purposes of retrial. Colo. Const. art. II, § 18; § 18-1-304(1)(c), C.R.S.2001. A judgment of conviction that is reversed for an error of law renders the verdict and judgment a nullity, warranting a second trial based on the same facts. *Stafford v. People,* 165 Colo. 328, 331, 438 P.2d 696, 697 (1968). Thus, the continued prosecution of the escape charge after the original conviction and sentence were vacated did not violate the prohibition against double jeopardy.

■ Nonetheless, defendant argues that he had fully served his sentence because he had discharged the DOC portion of the sentence and, therefore, resentencing him to a longer term in DOC constituted multiple punishments for the same offense. We dis-

agree. While defendant might be correct that his second sentence would be barred if he had fully served the original sentence, *see United States v. Arrellano–Rios,* 799 F.2d 520 (9th Cir.1986)(increasing a legal sentence after it has been fully served violates the Double Jeopardy Clause), here the record shows that he had not fully discharged his original sentence.

Every sentence imposed under § 18-1-105(1)(a)(V), C.R.S.2001, contains, as separate components, a prison term and a term of parole. *Martin v. People,* 27 P.3d 846, 850 (Colo.2001). "[E]very DOC sentence consists of a period of imprisonment and a period of mandatory parole." *People v. Garcia,* —— P.3d ——, 2002 WL 58926 (Colo.App. No. 99CA2360, Jan. 17, 2002). If a defendant's mandatory parole is revoked, he or she may be required to serve the remaining period of mandatory parole in DOC. Section 17-22.5-403(8)(a), C.R.S.2001; *Craig v. People,* 986 P.2d 951 (Colo.1999). Thus, to serve the sentence fully, a defendant must discharge both the imprisonment and the mandatory parole parts of the sentence.

Here, defendant's original sentence consisted of two years imprisonment and three years mandatory parole. He discharged the imprisonment portion of his sentence when he was released to parole. *See* § 18-1-105(1)(a)(V)(D), C.R.S.2001. However, it is undisputed that he had not yet discharged the mandatory parole portion of his sentence. Therefore, he was still serving the original sentence when the original conviction was vacated. *See People v. Barth,* 981 P.2d 1102 (Colo.App.1999)(parole is merely a privilege to serve remainder of sentence outside prison).

Accordingly, we conclude that discharge of only the imprisonment portion of defendant's sentence did not constitute a discharge of his entire sentence and did not create a double jeopardy bar to further prosecution after the original conviction and sentence had been vacated. *See People v. District Court,* 673 P.2d 991 (Colo.1983)(when an original sentence is found to be illegal, resentencing to a term longer than the original sentence does not constitute double jeopardy).

Because we have determined that defendant's sentence did not violate the prohibition against double jeopardy, we do not consider the prosecution's argument that defendant waived the defense by failing to raise it before he pled guilty.

Therefore, the appeal as to the August 13, 1999 order is dismissed, and the sentence is affirmed.

Judge DAVIDSON and Judge CASEBOLT concur.