## 38321. REED *v*. THE STATE.

GARDNER, Presiding Judge. Fred Reed pleaded guilty to an accusation charging him with possessing beer contrary to law. He was sentenced to serve a six months' sentence on probation. On the same day the court entered a second sentence prepared by the probation officer, setting up certain rules and regulations regarding probation and without revoking the first sentence. The defendant commenced serving the probation sentence and continued serving same until March 8, 1960. Thus his probation sentence started September 9, 1959, and ended March 8, 1960. On March 8, 1960, after hearing evidence, the court revoked the probation and ordered the defendant to serve two months of the original sentence. It is contended that this order of the court was erroneous for the reason that the first sentence is controlling and that the second sentence is inconsistent with the first sentence. To the order revoking said probation and requiring the defendant to . serve two months of the original sentence, exception is made to this court as being contrary to law.

Counsel for the defendant contends that the second sentence modified and changed the original sentence and that *Rutland* v. *State*, 14 *Ga. App.* 746 (82 S. E. 293) is authority that this cannot be done. That case is not applicable to the case at bar because there the sentence was changed after the term had passed. The record shows that in the case at bar, the second order was passed on the same day as the first order. Our appellate courts have held that an order and judgment may be amended, corrected, or revoked during the term in which they were rendered. See *Gobles* v. *Hayes*, 194 *Ga.* 297 (21 S. E. 2d 624). Counsel for the defendant admits the law is clear if the sentence of the defendant is a suspended sentence, but contends that the procedure was not correctly applicable to probationary sentences. See also *Harrington* v. *State*, 97 *Ga. App.* 315 (103 S. E. 2d 126) in support of the contention that the judgment should be reversed. That case is not applicable to the case at bar because the record does not show that that was a probation sentence, but it was a suspended sentence.

It is clear to our minds that had the probation period ended, the court could not have revoked the sentence and required the defendant to serve any further sentence. He lacked a short

time having served his sentence, and for this reason the case was still within the breast of the court.

The trial court did not err in revoking the probation of the defendant.

*Judgment affirmed. Townsend, Carlisle and Frankum, JJ., concur.*

DECIDED MAY 24, 1960.

*Archibald A. Farrar*, for plaintiff in error.

*Earl B. Self, Solicitor-General*, contra.