**STATE of Oklahoma, Appellant,**

**v.**

**Arthur Rene RODRIQUEZ, Appellee.**

**No. O–76–59.**

Court of Criminal Appeals of Oklahoma.

March 18, 1976.

Clinton D. Dennis, Asst. Dist. Atty., Oklahoma County, for appellant.

No appearance for appellee.

## OPINION

BRETT, Presiding Judge:

This appeal is from the District Court, Oklahoma County, Case No. CRF–73–2674, wherein the State of Oklahoma under the authority of 22 O.S.1971, § 1053, paragraph 3, has appealed to this Court from an Order of the trial court, denying the State's application to accelerate sentencing date for a deferred sentence.

In his written order and opinion, the Honorable Joe Cannon, District Judge, posed two questions to be answered with refer-

ence to the instant matter. Those questions are stated as follows:

"1.) When does the term of a Deferred Sentence end.

"2.) Does the Court have the authority to sentence, on the original charge, a defendant after the term of his deferred sentence has run because he committed a violation during the term of his deferred sentence when the application to sentence him is filed by the State after the term has run."

We observe from the record that on October 18, 1973, Arthur Rene Rodriquez was charged by information in Oklahoma County District Court with the offense of Robbery in the First Degree. He appeared before District Judge Homer Smith who accepted his plea of guilty. Defendant was released on his own recognizance and was directed in part as follows:

"You are directed to appear personally before me, or in my absence, before a Judge of this Court, on the 17th day of October, 1975, at 9:00 a. m."

On October 17, 1975, the defendant appeared at the courthouse at approximately 8:45 a. m. to make himself available to the court and to his probation officer. No record of a violation of the conditions of the deferred sentence had been made known to the trial court prior to October 17, 1975. At approximately 9:15 a. m., the District Attorney prepared and filed an application to accelerate the defendant's deferred sentence and a warrant for defendant's arrest was issued at approximately 11:30 a. m. Thereafter, the application to accelerate the deferred sentence was presented to District Judge Joe Cannon, who refused to consider said application on the basis of his finding that the deferred term of probation had expired. In the instant case, the deferment ended at 9:00 a. m. on the 17th day of October, 1975.

We are of the opinion that the trial judge was correct in his ruling.

The answer to the questions posed in the instant appeal lies in a specific interpretation of 22 O.S.1971, § 991c. The mandatory provisions of section 991c specify, inter alia:

". . . Upon completion of the probation term, which probation term under this procedure shall not exceed two (2) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty shall be expunged from the record and said charge shall be dismissed with prejudice to any further action. . . ."

There are no exceptions. Unless application by the State is filed during the period of probation that probationer has violated the conditions of his deferred sentence, prior to the completion of the term of probation, the trial court is without authority to accelerate the deferred sentence. Further, although the trial court is without authority to impose a deferred sentence in excess of two years, he does, nevertheless, have the authority to impose a probationary term for any period of time less than two years. Accordingly, we find that the term of a deferred sentence ends at the hour the defendant is told to re-appear.

Therefore, we find the answers to the two issues raised in the instant appeal to be as follows:

1. The term of a deferred sentence ends at the hour and day specified by the court for defendant to appear.

2. The trial court only has the authority to sentence a defendant, on the original charge, when the application to accelerate the deferred sentence is filed prior to the end of the term of the deferred sentence.

For the sake of clarification, it should be noted that the actual hearing can be held on the application to accelerate the deferred sentence after the term of the deferred sentence has run, provided, that the application itself is filed prior to the end of the term.

The District Court's Order denying the application to accelerate the deferred sentence is hereby *AFFIRMED.*

BLISS and BUSSEY, JJ., concur.