**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Stuart A. PERETSKY,
Defendant–Appellant.**

**No. 78–497.**

Colorado Court of Appeals,
Div. III.

May 8, 1980.
Rehearing Denied June 5, 1980.
Certiorari Denied Sept. 15, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Sarah Scott Sammons, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant–appellant.

BERMAN, Judge.

Defendant appeals the revocation of his deferred sentence pursuant to § 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8). We affirm.

On March 29, 1976, defendant was granted a two–year deferred sentence, pursuant to § 16–7–403(1), C.R.S.1973, as a result of his entering a plea of guilty to a charge of possession of marijuana with intent to dispense. On June 10, 1976, defendant was indicted for sale of heroin. Based on these charges, a complaint was filed on June 11, 1976, requesting revocation of the deferred sentence. An arrest warrant was issued the same day. Defendant was convicted of three counts of sale of heroin on October 28, 1976, and on the basis of this conviction his deferred sentence for sale of marijuana was revoked, and a six to ten year sentence imposed on November 5, 1976.

The conviction for sale of heroin was reversed on December 29, 1977, because the trial court had failed to give defendant's tendered jury instruction on the procuring agent theory. Defendant moved to vacate the revocation of his deferred sentence on March 16, 1978. The district court, on March 31, 1978, granted this motion, stating that "the mittimus previously entered into against Mr. Peretsky in this court for sentence to the Colorado State Penitentiary be cancelled or withdrawn on the basis of the reversal of his conviction."

On April 12, 1978 in the second trial defendant was subsequently found guilty of sale of heroin. On April 21, 1978 defendant's deferred sentence for sale of marijuana was revoked a second time.

## I.

On appeal, defendant argues that the court lacked jurisdiction to revoke the deferred sentence on April 21, 1978, because the two year statutory period had expired on March 27, 1978. We do not agree.

Section 16–7–403(1), C.R.S.1973 (1978 Repl.Vol. 8) provides in pertinent part that:

In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case *for a period not to exceed two years* from the date of entry of such plea for the purpose of entering judgment and sentence upon such plea of guilty . . . (emphasis added)

Thus, the essential question before this court is whether the two year period was tolled.

■ We initially note that the procedural considerations governing the deferred sentencing statute are analogous to those governing probation. *See People v. Strickland,* 40 Colo.App. 121, 575 P.2d 436 (1978), *aff'd on other grounds,* Colo., 594 P.2d 578 (1979); *see* § 16–7–403(2), C.R.S.1973. Therefore, we turn to the case law dealing with revocation of probation for guidance in the instant case.

■ Defendant contends that the two year statutory period had run, or, in the alternative that the second revocation proceeding was not initiated within the two year period. As to the first contention, where a complaint and arrest warrant are issued within the statutory period, and the defendant is voluntarily absent from the jurisdiction, or is imprisoned on another offense, we conclude that the limitation on revocation is tolled. *Nicholas v. United States,* 527 F.2d 1160 (9th Cir. 1976); *Ashworth v. United States,* 391 F.2d 245 (6th Cir. 1968).

■ We perceive no sound reason to toll the running of a limitation period during a defendant's time of incarceration for another offense and not to toll it when he is imprisoned for a revocation of the deferred sentence on the original offense. In both cases the State has initiated revocation proceedings by issuance of a complaint and warrant, and it is this crucial factor which in fact tolls the running of the limitation period.

■ Defendant's alternative position, that the second revocation proceeding was not initiated within the two year period, must also be rejected. When the trial court withdrew or cancelled the imposition of the deferred sentence on the initial revocation of deferred sentence, this was akin to a reversal of a judgment of conviction. The reversal of a judgment of conviction for errors of law renders the verdict and judgment a nullity, but warrants a second trial based on the original action. *Whitus v. Georgia,* 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); *Stafford v. People,* 165 Colo. 328, 438 P.2d 696 (1968). Although the verdict and judgment are rendered null, the original complaint remains intact and serves to safeguard the original action from attacks, as in the instant case, based on the running of the statutory period. Thus, here, the initial complaint was not cancelled or withdrawn by the trial court's March 31, 1978, order, and therefore, the second revocation proceeding was properly instituted within the statutory two year period.

## II.

■ Defendant next contends that when the trial court withdrew or cancelled the imposition of the deferred sentence, it also cancelled or withdrew the guilty plea, and thus, there was no guilty plea upon which to enter judgment on April 21, 1978. Again, we reject defendant's argument.

■ There is a clear distinction between the conviction and sentencing stages in a criminal proceeding; the two are separate and distinct concepts. *People v. Brown,* 87 Colo. 261, 286 P. 859 (1930); *see* Crim.P. 35(a) and (b). When the court withdrew or cancelled the imposition of the deferred sentence, its order affected only the sentence, and did not touch the conviction. Contrary to defendant's contention, based upon his incorrect reading Crim.P. 32(c), the conviction remained separate and intact, and there was no merger of the guilty plea

with the sentence such that withdrawal of the sentence also cancelled the underlying guilty plea. *See People v. Jenkins*, 40 Colo. App. 140, 575 P.2d 13 (1978). Thus, the original plea of guilty remained upon which the trial court properly revoked defendant's deferred sentence.

### III.

Defendant finally contends that the trial court's ruling that it could revoke his deferred sentence on April 21, 1978, based on the original complaint filed on June 11, 1976, violated his right to a speedy trial. We reject this contention and simply cite § 16–7–403(3), C.R.S.1973 (1978 Repl.Vol. 8), which reads:

> When a defendant signs a stipulation by which it is provided that judgment and sentence shall be deferred for a time certain, he thereby waives all rights to a speedy trial, as provided in section 18–1–405, C.R.S.1973.

We have considered defendant's other arguments concerning (1) waiver of the statutory period and (2) his constitutional and statutory rights to a speedy trial, and find them to be without merit.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.