**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Terry Allen GORE, Defendant–Appellee.**

**No. 88SA66.**

Supreme Court of Colorado, En Banc.

May 30, 1989.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Englewood, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy Public Defender, Denver, for defendant-appellee.

VOLLACK, Justice.

The state appeals the district court's dismissal of the complaint filed against Terry Allen Gore (Gore or the defendant). The judge ruled that he did not have power, under either the probation statute or the restitution statute, to order an extension of Gore's probation for an alleged probation violation. The narrow issue presented for our review is whether the trial court correctly ruled that it lacked the statutory power to revoke the defendant's probation because the revocation proceeding had not been instituted until after Gore's probation term had expired. We affirm.

## I.

In 1984 Terry Gore was charged with two counts of fraud by check and one count of theft. Pursuant to a plea bargain, Gore pled guilty to one count of criminal attempt to commit fraud by check, a class 4 felony, in exchange for dismissal of the other charges. Because the offenses occurred in 1983, the maximum possible sentence in the absence of extraordinary aggravating circumstances was four years imprisonment. § 18–1–105(1)(a)(I), 8B C.R.S. (1986). The district court imposed a four-year sentence. The court then suspended Gore's sentence on the condition that he spend thirty days in the county jail, satisfactorily complete a three-year probation term, and pay restitution. The three-year probation term began on May 11, 1984.

On May 8, 1987, three days before the expiration of Gore's probation term, he paid the restitution amount of $1,474.00 by signing over a check written to him, drawn on the account of Chase Gebearty. On May 11, the defendant's probation officer filed a report with the district court recommending that Gore's supervision be terminated. On May 12, the judge signed an order terminating Gore's probation.

On May 19, the Registry of the Arapahoe County District Court notified Gore's probation officer that Gebearty's account, on which the check had been drawn, had been closed due to insufficient funds. The check was returned unpaid to the registry.[1] On May 26, Gore's probation officer filed a complaint in the district court asserting that Gore had violated the conditions of his probation by not paying restitution. The complaint requested that the district court set a hearing in the matter "although the defendant's probation was terminated on May 12, 1987." An arrest warrant was issued and a revocation hearing was held.

Gore's attorney asked the district court to dismiss the complaint for lack of jurisdiction. Defense counsel's argument was that "the Court lost jurisdiction on May 12," therefore "probation was no longer in effect when the complaint was filed fourteen days later on May 26." The prosecution contended that the Court had not lost jurisdiction because "the Court in reliance on a check tendered on the Defendant's behalf terminated supervision and then the check [came] back short." A second hearing was held in February 1988 at which the parties agreed that the narrow question of jurisdiction raised here is one of first impression in Colorado. The trial court concluded that it did not have jurisdiction and entered this ruling:

> The Court does note under 16–11–204.5 sub. (3) that *when as a result of a plea bargain agreement a Defendant is ordered to make restitution* pursuant to Subsection (1) of this section, *the department or agency supervising the collection of such restitution may assert a charge of $15 to the Defendant for collection of each bad check* or each bad check received as restitution payment....

> And it seems to the Court that this is the specific remedy given in this case where a bad check is tendered.

> *The Legislature doesn't say that if probation is terminated and a bad check shows up that probation can be extended or somehow modified.*

> And in these cases it seems to the Court that the Court must follow the command of the Legislature and not try to create new law.

> ....

> It seems to the Court that if the Legislature intended that somehow probation could be extended beyond the time of a termination, the Legislature would give the Court the direction to do it.

> Instead, ... the Legislature has provided the Court with one remedy for a bad check and that's a $15 surcharge.

---

1. Defense counsel told the judge "that Mr. Gore tells me that Mr. Gebearty, the same person who wrote the check in this case, had written a previous check for the amount of $700 in another case which had cleared the bank. Mr. Gore had no idea at all or had no reasonable belief that this check also would not clear." The court's response was that the state did not have "any actionable claim against Mr. Gebearty. The order of probation was directed toward Mr. Gore."

The Court is going to, at this time, grant the motion to dismiss on the basis that the Court finds that it has no statutory power to impose probation beyond the period of time.

.... The Court is making a very narrow ruling here ... and indicating that *the powers granted to the Court do not,* as indicated in the restitution statute, 16–11–204.5, and the probation statute, 16–11–201, *grant the Court the power to extend probation where probation has been terminated with the consent of the people and by an order of the Court.*

(Emphasis added).

## II.

These facts present a question of first impression in Colorado. Section 16–11–201, 8A C.R.S. (1986), provides that a sentencing court can place certain offenders on a term of probation. After the sentencing court considers a number of factors it may "grant the defendant probation for such period and upon such terms and conditions as it deems best." §§ 16–11–202 & –203. As a condition of probation, the court is required to order "that the defendant make restitution to the victim ... for the actual damages which were sustained." § 16–11–204.5. The restitution statute provides:

**Restitution as a condition of probation.**

(1) *As a condition of every sentence to probation, the court shall provide that the defendant make restitution* to the victim of his conduct or to a member of the victim's immediate family for the actual damages which were sustained. *Such restitution shall be ordered by the court as a condition of probation....* The court shall fix the manner and time of performance....

(2) *If the defendant fails to pay the restitution, he shall be returned to the sentencing court which,* upon proof of failure to pay, *may:*

(a) *Modify the amount* of the restitution;

(b) *Extend the period of probation;*

(c) *Order the defendant committed to jail* with work release privileges; or

(d) *Revoke probation and impose the sentence otherwise required by law.*

(3) When, as a result of a plea bargain agreement, a defendant is ordered to make restitution pursuant to subsection (1) of this section, the department or agency supervising the collection of such restitution may assess a charge of fifteen dollars to the defendant for collection of each bad check [2] or each bad check received as a restitution payment.

8A C.R.S. (1986 & 1988 Supp.) (emphasis added); *see also* § 16–7–304, 8A C.R.S. (1988 Supp.) When a probationer is accused of not making restitution as ordered, revocation of probation is not automatic. "[B]efore revocation of probation for failure to make ordered restitution payments can be effected, the trial court must find that the defendant had the ability to pay at the time the payments should have been made." *Strickland v. People,* 197 Colo. 488, 490, 594 P.2d 578, 579 (1979); *People v. Romero,* 192 Colo. 106, 108, 559 P.2d 1101, 1102 (1976).

"Probation is a creature of statute" and the terms of probation must be derived from statute. *People v. Ray,* 192 Colo. 391, 393, 560 P.2d 74, 75 (1977); *People v. Ledford,* 173 Colo. 194, 196, 477 P.2d 374, 375 (1970). Any conditions imposed as terms of probation must be authorized by the General Assembly, which has addressed the restitution statute, section 16–11–204.5, in general terms. *People v. Deadmond,* 683 P.2d 763, 772 (Colo.1984).

2. For purposes of this section, "bad check" means a check or similar sight order for the payment of money which is dishonored by the bank or other drawee because the issuer does not have sufficient funds upon deposit with the bank or other drawee to pay the check or order upon presentation within thirty days after issue.

§ 16–11–204.5(3). The statute does not specify whether a third-party check endorsed over by the probationer, which is then dishonored by the bank, also constitutes a bad check under this statute.

Other than the fifteen dollar charge, the restitution statute does not provide a remedy for collection of a bad check. The question presented to the judge in this case was whether, after probation had been terminated by court order, the court has statutory authority to conduct a revocation hearing and determine whether the defendant had violated a condition of his probation by writing a bad check.

Other jurisdictions have come to different conclusions in addressing the dilemma posed by the "last-minute" probation offender, and the cases fall into three general categories. *See generally New Jersey v. Gibson,* 156 N.J.Super. 516, 530–531, 384 A.2d 178, 185 (1978); Annotation, *Power of Court, After Expiration of Probation Term, to Revoke or Modify Probation for Violations Committed During the Probation Term,* 13 A.L.R.4th 1240 (1982). Some jurisdictions hold that a trial court retains jurisdiction to revoke a defendant's probation for a reasonable time after expiration of the probationary term. *See, e.g., Phoenix v. Nebraska,* 162 Neb. 669, 77 N.W.2d 237 (1956). Some jurisdictions require that revocation proceedings be not only instituted but also completed prior to expiration of the probation term. *See. e.g., Cook v. Virginia,* 211 Va. 290, 176 S.E.2d 815 (1970). The majority of jurisdictions hold that the trial court retains jurisdiction as long as proceedings are instituted prior to expiration of the probation term. *See, e.g., New Jersey v. Gibson,* 156 N.J. Super. at 530–531, 384 A.2d at 185. The determination of which rule is applied depends in part on construction of the state's probation statute.

### A.

#### *Revocation Proceedings Instituted Within A Reasonable Time*

Some states hold that jurisdiction can be exercised over a probationer for a reasonable time after expiration of the probation term. For example, the Nebraska Supreme Court has held that because the Nebraska probation statute did not contain language giving the court power to revoke, modify, or extend probation "during the probationary term," the trial court could exercise jurisdiction over the probationer within a reasonable time after expiration of the term, so that probation violations occurring on the last day of probation could properly result in probation revocation after the probationary term. *Phoenix v. Nebraska,* 162 Neb. 669, 77 N.W.2d 237 (1956).

Pennsylvania has upheld as reasonable a revocation made thirteen days after expiration of both the defendant's original probation term and the maximum statutory probation term. *Pennsylvania v. Ferguson,* 201 Pa.Super. 649, 193 A.2d 657 (1963). The court reasoned that to hold otherwise would reward the probationer who successfully concealed his violations until after the probation term expired.

The Alaska probation statute provides for a maximum probation term of five years. In *Galaktionoff v. Alaska,* 733 P.2d 628 (Alaska App.1987), the court held that a defendant's probation could be revoked if (1) the offense was committed during the probation period, and (2) the authorities neither became aware of the offense nor filed a revocation petition until eight days after probation term had expired, as long as (3) the petition was filed within the five-year maximum statutory probation period. Both Pennsylvania and Alaska have statutes limiting the maximum probation term to five years.[3] Colorado no longer has such a statute.

In contrast, Rhode Island has expressly rejected this "reasonable time" approach.

We ... [reject] the state's contention that it has an absolute right to violate [sic] a defendant on probation within a reasonable time after probation has ended. Were this true, a period of proba-

---

**3.** Federal law contained a similar sentencing limitation. 18 U.S.C. § 3653 (1979) expressly provided that a court has jurisdiction over a probationer "within the probation period, or within the maximum probation period permit-

ted by section 3651 of this title." 18 U.S.C. § 3651 (1979) provided that the probation period "shall not exceed five years." These sentencing provisions were repealed in 1984.

tion, insofar as it connotes the time during which a defendant is at risk for a given charge, would be virtually meaningless. *A probation placement of one year means exactly that and cannot be read expansively to mean "one year plus a reasonable time period thereafter."*

*Rhode Island v. Santos,* 498 A.2d 1024, 1026 (R.I.1985) (emphasis added).

### B.

### *Proceedings Must Be Completed During Probationary Period*

At the other extreme, some jurisdictions have held that probation revocation proceedings must be completed before expiration of the probation term. The Arizona probation statute provides that a court may revoke and terminate probation at "any time during" the probationary term or period of probation. This language was construed to mean that "the trial court does not have jurisdiction over a probationer where probation revocation procedures and the imposition of a sentence have not been accomplished prior to the expiration of his term of probation." *Keller v. Superior Court,* 22 Ariz.App. 122, 124, 524 P.2d 956, 958 (1974) (citing Ariz.Rev.Stat.Ann. § 13–1657 (1974)); *see also Haney v. Eyman,* 97 Ariz. 289, 291–293, 399 P.2d 905, 906–07 (1965) ("[E]ven though the maximum sentence might be for a longer period of time, if the suspension of the imposition of sentence is for a shorter period ... both the sentence and the judgment must be made within that probationary period.").

The Virginia Supreme Court has held that because a trial court did not enter an order revoking the defendant's probation within the probation term, the court had no power to invoke jurisdiction after the probation term had expired. *Cook v. Virginia,* 211 Va. 290, 176 S.E.2d 815 (1970); *see also California v. White,* 133 Cal.App.3d 677, 682, 184 Cal.Rptr. 134, 137 (1982) ("An order revoking probation must be made within the period of time circum-

scribed in the order of probation.... If no order of modification or revocation is made before the end of the period of probation ..., the court has no authority or jurisdiction over the defendant".); *Reed v. Georgia,* 101 Ga.App. 714, 115 S.E.2d 270 (1960) (The court holds that revocation order entered on the last day of the defendant's probation term was valid. If the probation period had expired, however, the trial court would not have had jurisdiction to revoke probation); *Curtsinger v. Kentucky,* 549 S.W.2d 515, 516 (Ky.1977); *Missouri ex rel. Carlton v. Haynes,* 552 S.W.2d 710, 714 (Mo.1977).

### C.

### *Proceedings Initiated, But Not Completed, During the Probationary Period*

The majority of states has taken an intermediate approach, adopting the rule that a trial court has jurisdiction over the probationer if proceedings have been initiated in some way before the probation term expires.

New Jersey has addressed the precise issue: "can a probationer be charged with and found guilty of violating probation once his probationary term has expired?" *New Jersey v. Gibson,* 156 N.J.Super. 516, 526–528, 384 A.2d 178, 183 (1978). After reviewing the three approaches taken by other jurisdictions, the court held "that in order for the court to have jurisdiction to revoke probation and punish a probationer for violation of a probationary condition under N.J.S.A. 2A:168–4,[4] the warrant must issue during the probationary period." *Id.* at 530–531, 384 A.2d at 185. The court concluded that if revocation proceedings are not initiated during the probation term "the courts are without jurisdiction to revoke probation" unless the probationer had absconded or was hiding. *Id.; see also Tiller v. Delaware,* 257 A.2d 385, 387 (Del. 1969) (warrant that was issued ten days before the probation term expired served to

---

**4.** The statute provided that "[a]t any time during the probation period" the court could issue a warrant for arrest of the probationer for a pro-

bation violation. 156 N.J.Super. at 528–530, 384 A.2d at 184.

validate the probation violation proceedings, even though the hearing and sentencing took place after expiration); *Iowa v. Jensen*, 378 N.W.2d 710, 712–13 (Iowa 1985) ("[T]he district court does not lose jurisdiction of a revocation proceeding that has been commenced but not completed before the period expires." The court also held that the filing in district court of an application for revocation constituted commencement of a revocation proceeding.); *Michigan v. Wakefield*, 46 Mich.App. 97, 98–100, 207 N.W.2d 461, 462–63 (1973) ("Absent a showing that revocation proceedings were pending at the end of the 2–year period of probation, we are constrained to rule that the trial court lost jurisdiction of the defendant and could not thereafter sentence him to prison."); *Ohio v. Simpson*, 2 Ohio App.3d 40, 42, 440 N.E.2d 617, 619 (1981) ("Since no action was taken to institute a probation violation hearing during the period of probation the court thereafter had no jurisdiction to impose sentence."); *Jett v. Leverette*, 162 W.Va. 140, 143–144, 247 S.E.2d 469, 471 (W.Va.1978) ("[A] judge can set probation for a shorter term but when either the statutory maximum or the shorter term has been served, the court no longer has jurisdiction to revoke probation. This is true even though the violation may have occurred during the probation term.").

*Oregon v. O'Neal*, 24 Or.App. 423, 545 P.2d 910 (1976), addressed a court's authority "to initiate probation revocation proceedings after the period of probation has expired based upon a crime committed before expiration of the probationary period." *Id.* at 423, 545 P.2d at 910. Three weeks before the probationer's term expired he was charged with robbery. Revocation proceedings were initiated by a show cause order issued on June 12, eighteen days after his probation term expired. The court agreed with the defendant's argument that the court lacked jurisdiction to revoke his probation because no show cause order or arrest warrant had been issued within the original five-year probation period.

We hold, then, that *a court is without authority to revoke probation for a crime committed during the probationary period when revocation proceedings have not been initiated before the probationary period has expired. If revocation proceedings are properly initiated within the probationary period, a court may retain jurisdiction to revoke probation after the period has expired.* *Id.* at 425–26, 545 P.2d at 912 (emphasis added); *see also Oregon v. Lopez*, 30 Or. App. 687, 690–691, 567 P.2d 1059, 1061 (1977) ("[I]t is well established in Oregon that where the 'show cause' order initiating the revocation process is itself issued prior to the expiration of the probationary period, the court retains jurisdiction to enter a revocation order after the period has expired.").

In *Washington v. Mortrud*, 89 Wash.2d 720, 575 P.2d 227 (1978), the defendant's one-year probation and one-year suspended sentence had expired. No revocation petition was filed before the expiration date and no hearing was held to determine his probation status. *Id.* at 723, 575 P.2d at 229. The Washington Supreme Court held:

When the sentence has been imposed but under the terms of [Wash.Rev.Code 9.95.210 [5]] its execution is deferred, we hold [that Wash.Rev.Code 9.95.230 [6]] operates to terminate the jurisdiction of the court over the defendant upon the expiration of the probationary period, and the

---

5. At the time *Mortrud* was decided, the statute read:

The court in granting probation may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine. Wash.Rev.Code § 9.95.210; *Mortrud*, 89 Wash.2d at 721–22, 575 P.2d at 228.

6. The court shall have authority at any time during the course of probation to (1) revoke, modify, or change its order of suspension of imposition or execution of sentence; .... Wash.Rev.Code § 9.95.230; 89 Wash.2d at 721–22, 575 P.2d at 228. This statute has been amended and now states that the court has such authority "at any time prior to the entry of the order terminating probation." Wash.Rev.Code § 9.95.230 (1987).

court shall have no authority to revoke, modify, or change its order of deferral of execution of the sentence.

89 Wash.2d at 723, 575 P.2d at 229; *see Washington v. Nelson,* 92 Wash.2d 862, 864–866, 601 P.2d 1276, 1277–78 (1979) ("The course of probation having expired before the motion to revoke defendant's probation was made, the trial court was without authority to act."); *see also Dent v. District of Columbia,* 465 A.2d 841, 842 (D.C.1983) ("[W]here a formal revocation proceeding is initiated within the probation term, the trial court retains jurisdiction to revoke probation even though the proceedings incident thereto are not completed until after the original term of probation has expired." The court also held that issuance of a rule to show cause was sufficient to toll the probation expiration date. *Id.* at 843); *Bass v. Florida,* 473 So.2d 1367, 1369 (Fla.App.1985) ("Proceedings to revoke probation must be commenced prior to the expiration of probation."); *Sherman v. Warden,* 94 Nev. 412, 414, 581 P.2d 1278, 1279 (1978) ("As we read [the statute], it is the initial act of pre-termination arrest which vests jurisdiction in the district court to revoke probation, not the fortuitous fact that the proceedings are subsequently concluded before the expiration of the original term."); *New York v. Montgomery,* 115 A.D.2d 102, 103, 494 N.Y.S.2d 913, 914 (1985) ("A court may not revoke a defendant's probation unless a declaration of delinquency is filed against him prior to the expiration of his probation term."); *Lovell v. South Carolina,* 223 S.C. 112, 114–115, 74 S.E.2d 570, 572 (1953) ("There is nothing in our statute expressly requiring that the order of revocation be made within the probationary period. It is only provided that during this period the warrant shall be issued, which is the pertinent jurisdictional fact."); *State ex rel. Cox v. Wisconsin,* 105 Wis.2d 378, 379–381, 314 N.W.2d 148, 149 (1981) ("[T]he issuance of a warrant during the probationary term tolls the running of the term. This conclusion is consistent with federal cases that hold that warrants issued during probation periods preserve revocation jurisdiction even if they are not

actually executed until after the expiration of such periods.").

### III.

Although we have not addressed this issue under the probation statute, the court of appeals has resolved it in the context of a deferred judgment and sentence in *People v. Peretsky,* 44 Colo.App. 270, 616 P.2d 170 (1980), *cert. denied,* (Colo. Sept. 15, 1980). In *Peretsky,* the defendant was granted a two-year deferred sentence on March 29, 1976. On April 21, 1978, the trial court revoked the deferred sentence because the defendant had been convicted of another offense. *Id.* at 271–72, 616 P.2d at 171–72. The court of appeals noted that "the procedural considerations governing the deferred sentencing statute are analogous to those governing probation." *Id.* at 272, 616 P.2d at 172. The deferred sentencing statute in effect at the time gave a sentencing court power to continue a case for a maximum period of two years. The court of appeals held that this two-year limitation was tolled "where a complaint and arrest warrant are issued within the statutory period, and the defendant is voluntarily absent from the jurisdiction, or is imprisoned on another offense." *Id.* at 273, 616 P.2d at 172. The court held that the "crucial factor" was that "the State ha[d] initiated revocation proceedings by issuance of a complaint and warrant" before the two-year term expired. *Id.; see Oklahoma v. Rodriquez,* 547 P.2d 974, 975 (Okla.Crim.App.1976) (same analysis applied in the context of a deferred sentence); *Parkerson v. Arkansas,* 230 Ark. 118, 120, 321 S.W.2d 207 (1959) (same analysis applied to suspended sentence).

The Colorado probation statute no longer delineates a maximum probation term. Before 1972, section 39–16–6(1) limited a felony probation term to five years. After 1972, this five-year limitation was removed. We found it "apparent from the history of the statute that the legislature deliberately chose not to impose an express limitation on the permissible length of probation." *People v. Flenniken,* 749 P.2d 395, 399 n. 2 (Colo.1988).

In the absence of a statutory maximum probation term, we therefore must decide whether a trial court's power to revoke an individual's probation for failure to pay restitution extends beyond the expiration of the probation term imposed.[7] The probation statute does not specify when a trial court's authority over a probationer terminates; the statute states that "[f]or good cause shown and after notice to the defendant, the district attorney, and the probation officer, and after a hearing if the defendant requests it, the judge may reduce or increase the term of probation or alter the conditions or impose new conditions." § 16–11–204(4). The restitution statute provides that the department or agency supervising the collection of a probationer's restitution "may assess a charge of fifteen dollars" for a bad check.

We recognize the dilemma posed by the "last-minute" probation violator. The defendant correctly points out, however, that the statutes "provide remedies for the last minute violator." He argues that under sections 16–11–204(4) and –204.5(2), when a restitution check is received near the expiration of the probation term, "the court clearly has the power to extend the term, upon the district attorney's request, in order for that check to be processed. If the check is returned for insufficient funds, then revocation or other proceedings could commence." We note that in this case the probation department received the check from Gore as payment of his restitution obligation on May 8. On May 11, the probation officer filed the report with the district court recommending that Gore's supervision be terminated. Our resolution of this case, therefore, does not address the problem that arises when a probationer has actively concealed a probation violation until after his term expires, or a situation where the probation department could not possibly learn of a violation until after probation has expired. In the limited context

presented here, we find the defendant's argument persuasive. The legislature provided in the restitution statute for assessment of a fifteen dollar charge, and procedures for extension of probation are available under the probation statute. The prosecutor conceded at the hearing that a probation officer could "ask that probation be continued for a short period" to ensure that a check has cleared the bank.

If the legislature had intended that a probation term be automatically extended for collection of restitution checks, it could have included such a provision in the restitution statute. We therefore decline to infer from the restitution statute the power for a trial court to revoke probation where, as here, probation supervision has already been terminated by court order and revocation proceedings have not been initiated before such termination. The district court's ruling is affirmed.

---

7. As part of its order, the court also held:
 The Court is not, ... at this time, ... agreeing with the argument that the Court lacks jurisdiction because the issue of the four year sentence with a year suspended is frankly a persuasive argument. The Court is making a

very narrow ruling ... that the powers granted to the Court do not grant the Court the power to extend probation.
We also restrict our holding to the issue of the court's powers under the applicable statutes.