The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Mitzi Maxine BERQUIST,
Defendant–Appellant.

No. 94CA1400.

Colorado Court of Appeals,
Div. IV.

Feb. 8, 1996.

Rehearing Denied March 14, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Mitzi Maxine Berquist, appeals from a judgment revoking her deferred judgment and sentence. We reverse and remand for further proceedings.

On June 22, 1992, defendant pleaded guilty to one count of fraud by check, a class five felony (count one), and one count of theft, a class three misdemeanor (count two). Defendant received a two-year deferred judgment and sentence on count one, and a suspended sixty-day jail term and $500 fine on count two.

The Stipulation and Consent to Deferred Sentence provides in pertinent part:

10. That the deferred sentence shall be reviewed on May 23, 1994, @ 8:30 A.M.

11. That the defendant shall appear on the review date or, in the alternative, the defendant shall file an [appropriate] affidavit with this Court thirty days prior to the review date. . . .

In addition, defendant was informed by the court at the providency hearing, *inter alia,* that she was required to appear at the May 23, 1994, hearing and advise the court as to her compliance with the terms of the deferred judgment and sentence.

On May 23, 1994, defendant appeared before the court without the assistance of counsel. Although no application to revoke had been filed, defendant was duly sworn and, upon questioning by the court, admitted her failure to comply with the terms and conditions of her deferred judgment and sentence. The court found that defendant had violated the terms and conditions and revoked her deferred judgment and sentence. The court then recommended that defendant obtain counsel prior to sentencing and put the mat-

ter over to afford her an opportunity to do so.

On June 6, 1994, defendant, through counsel, requested a revocation hearing, alleging that various statutory and constitutional violations had occurred at the May 23, 1994, hearing. The court stated defendant's deferred judgment and sentence had already been revoked, denied this request, and set the matter for sentencing.

On July 6, 1994, the court sentenced defendant to two years of probation, subject to certain conditions.

### I.

Defendant contends that the revocation of her deferred judgment and sentence must be reversed because the People had not filed an application with the court requesting the revocation. We agree.

The relevant statutory provisions which governed deferred sentencing at the time the court accepted defendant's guilty plea to count one, Colo. Sess. Laws 1987, ch. 116, § 16–7–403 at 614–15, provide:

> Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney ... is authorized to enter into a written stipulation, to be signed by the defendant, his attorney of record, and the district attorney, under which the defendant obligates himself to adhere to such stipulation.

> . . . .

> Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the action against the defendant dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea.

> . . . .

> Whether a breach of condition has occurred shall be determined by the court without a jury *upon application of the district attorney* and upon notice of hear-

ing thereon of not less than five days to the defendant or his attorney of record. (emphasis added)

■ Persons alleged to have violated a condition of deferred sentence are not entitled to the full panoply of constitutional rights accorded persons who have not admitted guilt to criminal conduct. Nevertheless, consistent with principles of due process, such persons must at a minimum be given adequate notice of the charges against which they must defend. *People v. McPherson,* 897 P.2d 923 (Colo.App.1995); *People v. Boykin,* 631 P.2d 1149 (Colo.App.1981).

■ It is undisputed that the district attorney filed no revocation application with the court prior to the revocation of defendant's deferred judgment and sentence at the May 23, 1994, hearing. Thus, as § 16–7–403 expressly provides that whether a breach of a condition has occurred shall be determined *upon application of the district attorney,* it was improper for the court to have revoked a defendant's deferred sentence absent such an application. The People concede as much in their brief when they state that the terms of § 16–7–403 "indicate that an application to revoke a deferred sentence should be filed prior to any revocation order by the court." Accordingly, the judgment revoking defendant's deferred judgment and sentence must be reversed.

### II.

The People argue that, if the trial court's judgment is reversed, the matter should be remanded and they should be given an opportunity to file a revocation complaint. We disagree.

Colo. Sess. Laws 1987, ch. 116, § 16–7–403(2) provides in pertinent part:

> Application for entry of judgment and imposition of sentence may be made by the district attorney at any time within the term of the deferred judgment or within thirty days thereafter. . . .

■ Apparently conceding that they missed this window of opportunity, the People argue that "just as the filing of [a] complaint would have tolled the running of the

statutory time period, the court's order revoking the deferred [sentence] would also toll the running of the deferred sentence." We disagree.

In support of this argument, the People cite *People v. Peretsky*, 44 Colo.App. 270, 616 P.2d 170 (1980), in which the defendant received a two-year deferred sentence on March 29, 1976. On April 21, 1978, his deferred sentence was revoked by the trial court because he had been convicted of another offense. The deferred sentencing statute in effect at the time gave the trial court the power to defer sentence for a maximum period of two years.

A division of this court held that this two-year limitation on revocation was tolled "where a complaint and arrest warrant are issued within the statutory period, and the defendant is voluntarily absent from the jurisdiction, or is imprisoned on another offense." *People v. Peretsky*, 44 Colo.App. at 272, 616 P.2d at 172. However, the "crucial factor" which tolled the running of the limitation period was that "the State ha[d] initiated revocation proceedings by issuance of a complaint and warrant" before expiration of the two-year term. *People v. Peretsky*, 44 Colo. App. at 273, 616 P.2d at 172.

We consider *Peretsky* distinguishable because here the People did not file a complaint within the statutorily prescribed limitation period.

Next, the People, again citing *Peretsky*, argue that reversal of a judgment revoking a deferred sentence is akin to a reversal of a judgment of conviction; that reversal of a judgment of conviction for errors of law renders the verdict and judgment of conviction a nullity, but warrants a second trial based on the original action; and that, although the verdict and judgment are rendered null, the original complaint remains intact and serves to safeguard the original action from attacks based upon the running of the statutory period. In the present case, however, even if we assume the correctness of these assertions, there was no original action because no application for revocation was ever filed by the People.

Finally, the People argue that "the court's action in revoking the deferred sentence and then subsequently imposing a probationary sentence on the conviction preempted [them] from filing a motion for revocation." However, the People cite no authority in support of this assertion and we are unaware of any legal or factual basis for determining that filing of an application was preempted by the court's order.

Accordingly, we hold that, as the window for filing an application for revocation under § 16–7–403 has closed, the People are time-barred from making such an application on remand.

The judgment revoking defendant's deferred judgment and sentence is reversed and the cause is remanded for further proceedings consistent with this opinion.

BRIGGS and KAPELKE, JJ., concur.