**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Geralyn GUERRERO, Defendant–Appellant.**

**No. 99CA1818.**

Colorado Court of Appeals, Div. II.

April 12, 2001.

Rehearing Denied May 10, 2001.

Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge PLANK.

Defendant, Geralyn Guerrero, appeals from the trial court's order revoking and regranting her probation. We reverse and remand for dismissal of the case.

In December 1991, defendant pled guilty to one count of equity skimming of a vehicle and one count of theft. In accordance with the plea agreement, the trial court then imposed a two-year deferred sentence on the equity skimming count and six months unsupervised probation on the theft count. The conditions of the deferred sentence required that defendant not commit any criminal offenses and that she pay restitution in excess of $9000.

In February 1992, defendant was advised by a collection investigator (investigator) in the El Paso County Clerk's office that unless she began to make monthly restitution payments, her case would be forwarded to the court for further action. In March 1993, the investigator sent a letter to the court, stating that defendant had paid less than $300 in restitution and requesting that the court issue a bench warrant for her arrest. The court did so.

Defendant was arrested on the warrant in January 1994, after which she made only one partial restitution payment during that year. In November 1994, the district attorney filed a complaint to revoke the deferred sentence. When defendant failed to appear at an advisement hearing in December 1994, the court again issued a warrant for her arrest. She was arrested in October 1995.

At a hearing in February 1996, pursuant to the parties' agreement, defendant admitted violating conditions of her deferred sentence, and the court revoked the deferred sentence and placed her on probation for two years. In February 1998, defendant consented to the extension of her probation for an additional year. In September 1998, the district attorney filed a complaint to revoke the extended probation, alleging that defendant had not paid all the restitution owing. When defendant subsequently failed to appear at scheduled hearings, she was once again arrested.

At a hearing in July 1999, defense counsel moved to dismiss the case, asserting that the court had lost jurisdiction in 1993, when the two-year period of the deferred sentence ended. Relying on *People v. Peretsky*, 44 Colo.App. 270, 616 P.2d 170 (1980), the trial court determined that the running of the deferred sentence had been tolled in March 1993 by the issuance of the bench warrant in response to information received from the investigator. The court, in effect, concluded that the 1996 revocation of defendant's deferred sentence pursuant to the November 1994 complaint had been valid. Consequently, it denied her motion to dismiss the case.

Thereafter, based upon defendant's admission that she had failed to comply with certain conditions of her probation, the trial court revoked her probation and then re-granted it for a period of two years.

On appeal, defendant contends that the trial court erred in revoking her probation because she had fully served her deferred sentence and was not subject to further penalties. More specifically, she contends that the trial court erred in concluding that the issuance of the bench warrant in March 1993 had tolled the running of her deferred sentence. We agree.

As relevant to the issue before us, § 16–7–403(2) C.R.S.2000, provides, in pertinent part, that:

> Whether a breach of condition [of deferred judgment and sentence] has occurred shall be determined by the court without a jury upon application of the district attorney .... Application for entry of judgment and imposition of sentence may be made by the district attorney at any time within the term of the deferred judgment or within thirty days thereafter.

Here, it is undisputed that the district attorney filed no revocation application with the court within the time permitted by statute. However, as recognized by the trial court, a division of this court, in *People v. Peretsky, supra*, held that the time limitation on revocation is tolled where a complaint and arrest warrant are issued within the statutory period, and the defendant is voluntarily absent from the jurisdiction or is imprisoned on another offense. In so holding, the division noted that the "crucial factor" that tolled the limitation period was that "the State [had] initiated revocation proceedings by issuance of a complaint and warrant" before expiration of the two-year term. *People v. Peretsky, supra*, 44 Colo.App. at 273, 616 P.2d at 172.

The People argue that the letter sent to the court by the investigator and the issuance of a bench warrant are together sufficient to constitute the "crucial factor" necessary to toll the running of the deferred sentence. However, they cite no authority, and we know of none, that permits an employee in the county clerk's office to perform the duty of the State to file a complaint initiating revocation of a deferred sentence.

The record here does not support a conclusion that defendant received adequate notice that her deferred sentence was in jeopardy. Absent such minimum notice, the running of defendant's deferred sentence was not tolled by the issuance of the arrest warrant, and the court was without jurisdiction to consider it further.

The order revoking and regranting defendant's probation is reversed, and the cause is remanded to the trial court with directions to dismiss the case.

JONES and CASEBOLT, JJ., concur.