2013 CO 40

**IN the MATTER OF Betty BASS.**

**Supreme Court Case No. 12SA89**

Supreme Court of Colorado,
En Banc.

June 24, 2013

Attorney for Complainant: The Law Firm of Roger G. Billotte, LLC, Roger G. Billotte, Denver, Colorado

Attorneys for Respondent: Office of the Attorney Regulation Counsel, Kim E. Ikeler, Assistant Regulation Counsel, Marie Nakagawa, Staff Attorney, Denver, Colorado

Justice COATS delivered the Opinion of the Court.

¶ 1 Bass appealed from the Presiding Disciplinary Judge's denial of her motion filed pursuant to C.R.C.P. 60(b)(3) for relief from his earlier order revoking her probation and suspending her license to practice law. After a half dozen unsuccessful attempts to notify Bass of his show cause order, by mail and e-mail, over a period of some four months, the PDJ found Bass in default of the Attorney Regulation Counsel's allegations of violation.

After another six months, Bass filed her motion, requesting relief on the grounds that the order revoking her probation was void, both for failure to provide her adequate notice and for failure of regulation counsel to assert a violation until after the period of her probation had expired. Before this court, Bass asks for a ruling solely on the PDJ's authority to proceed in the absence of a motion to revoke filed by regulation counsel prior to the expiration of the period of probation originally imposed upon her.

¶ 2 Because the Attorney Regulation Counsel's motion alleging probation violations and seeking a show cause order was filed with the Presiding Disciplinary Judge before the issuance of an order of successful completion of probation, as required by C.R.C.P. 251.7 for termination, the PDJ was empowered by the rule to lift the stay and activate Bass's suspension. The order denying Bass's motion pursuant to C.R.C.P. 60(b) is therefore affirmed.

## I.

¶ 3 On January 21, 2009, the Presiding Disciplinary Judge entered an order approving the stipulation of Betty Bass and the Attorney Regulation Counsel for a suspension of her law license for one year and one day, to be stayed subject to the successful completion of a two-year period of probation. On February 11, 2011, the Office of Attorney Regulation filed a request with the Presiding Disciplinary Judge for an order to show cause why Bass's probation should not be revoked and the stay lifted, alleging that she had violated the conditions of her probation by, among other things, failing to submit to practice monitoring and failing to pay over $26,000 in costs included in the stipulation. Although a show cause order issued, the questions of violation and revocation remained unresolved for months while attempts were made to notify Bass by mail, and e-mail, at a number of different addresses, including the address at which she was registered with the Clerk of the Supreme Court, as required of all registered attorneys by C.R.C.P. 227. When she had not responded to the show cause order or requested a hearing by August 31, 2011, the PDJ found her in default of regulation counsel's allegations of violation; and the court then revoked her probation, lifted the stay, and imposed the year and a day suspension to which she had stipulated more than two years earlier.

¶ 4 Almost six months later, Bass filed a motion for relief pursuant to C.R.C.P. 60(b), asserting that the court's order of revocation and suspension was void both because she was not properly served and because regulation counsel had not filed his motion for show cause within the time required by C.R.C.P. 251.7. The court denied the motion without further comment, and Bass filed a notice of appeal with this court.

## II.

¶ 5 The disciplinary and disability jurisdiction of the Colorado Supreme Court in all matters relating to the practice of law in the jurisdiction is implemented by C.R.C.P. 251. Rule 251.6 provides for attorney discipline in the form of disbarment, suspension, public censure, and private admonition, and Rule 251.7 expressly provides for and governs the imposition of probation as an order of attorney discipline for eligible attorneys. The ABA Standards for Imposing Lawyer Sanctions, which we have consistently recognized as "the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct," *see In re Roose,* 69 P.3d 43, 46 (Colo.2003); *see also In re Rosen,* 198 P.3d 116, 119–20 (Colo.2008), indicate that probation is appropriate for conduct that may be corrected, and to that end, by imposing probation the court allows a lawyer to continue to practice but also requires the lawyer to meet certain conditions that will protect the public and assist the lawyer to meet his or her ethical obligations. Am. Bar Ass'n, Standards for Imposing Lawyer Sanctions § 2.7 (1991).

¶ 6 In this jurisdiction, when probation is imposed, it shall be imposed for a specified period of time not to exceed three years, and it shall be imposed in conjunction with an order of suspension from the practice of law, which suspension may then be stayed in whole or in part. *See* C.R.C.P. 251.7(a)(3). That specified period of probation may be

extended upon motion by either party, but a motion for extension must be filed prior to the conclusion of the period originally specified. *Id.* In addition to the required condition that the attorney not commit further violations of the Colorado Rules of Professional Conduct, the rule also enumerates a number of additional conditions that may be imposed, including such things as periodic reporting to regulation counsel and monitoring of the attorney's practice or accounting procedures. C.R.C.P. 251.7(b). The task of monitoring the attorney's compliance with the conditions of probation is assigned by rule to regulation counsel. *See* C.R.C.P. 251.7(d).

¶ 7 In addition, the rule specifically provides for the termination of probation. *See* C.R.C.P. 251.7(f) (entitled "Termination"). In this regard, the rule mandates that between 28 and 14 days (formerly 30 and 15 days) prior to "the expiration of the period of probation," the attorney shall file an affidavit with regulation counsel stating that the attorney has complied with all terms of probation, and the attorney also shall file with the PDJ notice and a copy of that affidavit, as well as application for an order showing successful completion of "the period of probation." *Id.* Upon receipt of this notice and absent objection from regulation counsel, the rule directs the PDJ to issue an order showing that the period of probation was successfully completed. *Id.* The order of successful completion is, once issued, to become effective upon "the expiration of the period of probation." *Id.*

¶ 8 The rule also specifically addresses the revocation of probation. *See* C.R.C.P. 251.7(e) (entitled "Violations"). This subsection of the rule provides that if, "during the period the attorney is *on probation*" (emphasis added), regulation counsel receives information that any condition may have been violated, he may file a motion with the PDJ specifying the alleged violation and seeking an order requiring the attorney to show cause why the stay should not be lifted and the sanction activated for violation of the condition. *Id.* The rule then provides the process to which the probationer is entitled,

including a revocation hearing, at which regulation counsel has the burden of establishing by a preponderance of the evidence the violation, and a report by the PDJ setting forth his findings of fact and decision. *Id.*

## III.

¶ 9 Bass does not challenge the proposition that revocation of probation as an order of attorney discipline is governed by the provisions of C.R.C.P. 251.7 or that the rule should be interpreted according to the same principles governing statutory interpretation. *See Leaffer v. Zarlengo,* 44 P.3d 1072, 1078 (Colo.2002); *Patterson v. Cronin,* 650 P.2d 531, 534 (Colo.1982). Quite the contrary, Bass asserts that she would be deprived of due process by the revocation of her probation and imposition of her suspension in violation of the rule. She asserts instead that the language of the rule plainly authorizes the revocation of probation only upon the filing of a motion prior to the expiration of the period originally specified. There is similarly no dispute in this case that regulation counsel first filed a motion specifying a probation violation more than a week after the expiration of the period of probation that was originally imposed.

¶ 10 Subsection (e) of the rule authorizes the filing of a motion with the PDJ "[i]f, during the period the attorney is on probation, the Regulation Counsel receives information that any condition may have been violated." C.R.C.P. 251.7(e). Even if this provision could reasonably be understood to mandate actual filing, rather than simply learning of a violation, during the applicable period, the language of the rule clearly describes the applicable period as "the period the attorney is on probation," as distinguished from "the period originally specified," to which a motion for extension is limited. *See* C.R.C.P. 251.7(a)(3). Unlike the criminal statute our prior constructions of which are offered by Bass in support of her interpretation, *see, e.g., People v. Gore,* 774 P.2d 877 (Colo.1989) (construing § 16–11–204(4), C.R.S. (1986) (repealed 2002); cur-

rent version at § 18–1.3–204(4)(a), C.R.S. (2012)), the applicable disciplinary rule expressly deals with the timing of both revocation and termination, *see* C.R.C.P. 251.7(e) and (f) (entitled "Violations" and "Termination," respectively).

 ¶ 11 As with the period of suspension, which was stayed in conjunction with the imposition of probation, *see* C.R.C.P. 251.29(b) (entitled "Reinstatement After Suspension"), the expiration of a specific period of probation imposed upon an attorney does not alone entitle that attorney to reinstatement to the unconditional practice of law. On the face of the rule, the "specific period of probation" imposed upon the attorney merely establishes a period between 28 and 14 days before the expiration of which the probationer not only may but in fact must apply for reinstatement to the unconditional practice of law. C.R.C.P. 251.7(f). According to the express requirements of the rule, the probationer "shall" do so by filing an affidavit with regulation counsel verifying that she has complied with all the terms of probation, and by filing with the Presiding Disciplinary Judge a copy of that affidavit and an application for an order of successful completion of probation. *Id.* Also by the express terms of the rule, the PDJ is only directed to issue an order showing that the period of probation was successfully completed if the probationer files an affidavit and regulation counsel does not object. *Id.*

¶ 12 While the rule does not expressly state that the probationer remains "on probation" until an order of successful completion has issued, that is not only a probable, but in fact the necessary, implication of the requirement. If a determination of successful completion of probation were not a prerequisite to the probationer's return to the unconditional practice of law, it could have no meaning whatsoever. And although the rule does not specify the consequence of the probationer's failure to comply with subsection (f) by filing an affidavit and application for an order of successful completion, it is at least clear that in the absence of filing such an affidavit and application at all, the issuance of an order certifying completion is nowhere authorized by the rule.

 ¶ 13 Unless a statute is susceptible of more than one reasonable interpretation or conflicts with other statutes, it is considered unambiguous and must be applied as written, without construction. *Holcomb v. Jan–Pro Cleaning Sys. of S. Colo.*, 172 P.3d 888, 890 (Colo.2007). On its face, Rule 251.7 both authorizes the filing of a motion to revoke at any time while the attorney remains on probation and requires an order of successful completion before a probationer may be relieved of the conditions of probation and return to the unmonitored or unconditional practice of law. The rule therefore unambiguously authorized the Presiding Disciplinary Judge to act on the Attorney Regulation Counsel's allegations of probation violation in this case.

## IV.

¶ 14 Because the Attorney Regulation Counsel's motion alleging probation violations and seeking a show cause order was filed with the Presiding Disciplinary Judge before the issuance of an order of successful completion of probation, as required by C.R.C.P. 251.7 for termination, the PDJ was empowered by the rule to lift the stay and activate Bass's suspension. The order denying Bass's motion pursuant to C.R.C.P. 60(b) is therefore affirmed.

Justice MÁRQUEZ does not participate