**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jerome D. METHOD, Defendant–Appellant.**

No. 93CA1512.

Colorado Court of Appeals, Div. II.

Dec. 15, 1994.

As Modified on Denial of Rehearing Feb. 9, 1995.

Certiorari Denied July 31, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timo-

thy M. Tymkovich, Sol. Gen., John D. Seidel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Jerome David Method, appeals the trial court's denial of his motion to withdraw his guilty plea. We affirm.

Defendant was charged with committing first degree forgery and felony theft. In January 1990, he pled guilty to felony theft, and the forgery count was dismissed. As part of the plea agreement, the prosecution stipulated that defendant should be placed on deferred judgment for two years. In addition to other conditions, his deferred judgment was to be supervised by the Jefferson County District Attorney's Adult Diversion Program (ADP).

In October 1991, the prosecution filed a motion to revoke defendant's deferred judgment. Defendant ultimately admitted that he had violated the conditions of his deferred judgment, and a judgment of conviction was entered on the felony theft count. Defendant filed a Crim.P. 32(d) motion to withdraw his guilty plea.

At a hearing on the motion, defendant argued that the condition in the plea agreement which provided for supervision by ADP was illegal on two alternative grounds. First, the defendant argued that it violated the doctrine of separation of powers, and second, that it violated § 16–7–403, C.R.S. (1994 Cum.Supp.), the statute authorizing deferred judgment and sentencing. He argued that this condition was an illegal inducement to his entry of a guilty plea and that, therefore, his plea was not voluntarily, knowingly, and intelligently entered.

The trial court denied this motion and sentenced defendant to six years in the Department of Corrections.

I.

Defendant argues first that supervision of his deferred judgment by ADP violates the separation of powers doctrine. The trial court found ADP to be part of the executive branch, and defendant asserts that the judicial branch must supervise his deferred judgment. Therefore, he argues that his supervision by ADP represents an unconstitutional usurpation of judicial power by the executive branch. We disagree.

Section 16–7–403 provides:

(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed four years from the date of entry of [the] plea ... for the purpose of entering judgment and sentence upon such plea of guilty.... During such time, the court *may* place the defendant under the supervision of the probation department.

(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney ... is authorized to enter into a written stipulation [which imposes on the defendant, conditions] *similar* in all respects *to conditions* permitted as part *of probation.* (emphasis added)

Whether this statute permits a defendant on deferred judgment to be supervised under a program run by the District Attorney's Office is an issue of first impression.

Section 16–7–403 (as does its companion, governing deferred prosecution, § 16–7–401, C.R.S. (1994 Cum.Supp.)) provides a means of resolving a criminal prosecution short of entering a judgment of conviction and imposing sentence. *See Weber v. Colorado State Board of Nursing,* 830 P.2d 1128 (Colo.App. 1992). It is not a sentencing function of the court, but may be utilized only at the request of the district attorney; the court may not unilaterally provide for the deferred judgment of a criminal defendant, nor may it do

so at the request of the defense attorney. Furthermore, the district attorney has a role in crafting the conditions under which deferred judgment will be granted. Therefore, we agree with the trial court that it is inherent in the statute that the district attorney may supervise the conditions under which deferred judgment was granted.

Defendant, however, argues that the doctrine of separation of powers precludes supervision by the district attorney's office of defendants on deferred judgment. He asserts that because he was supervised by ADP during his deferred judgment, he did not remain under the jurisdiction of the court. We do not agree.

The doctrine of separation of powers prohibits the exercise by one branch of government of the powers which the Constitution vests in another branch of government. Colo.Const. art. 3. We find nothing in the statute or in ADP that impinges on the powers of the judicial branch.

Even under a deferred judgment supervised by ADP, the defendant remains under the continuing power of the court to impose a sentence for the original offense, should he violate the conditions of his deferred judgment. Section 16–7–403(2), C.R.S. (1994 Cum.Supp.) ("Such stipulation shall specifically provide that, upon a breach by the defendant of any condition ... the court *shall* enter judgment and impose sentence upon [defendant's] guilty plea." (emphasis added)). *Cf. People v. Ledford,* 173 Colo. 194, 477 P.2d 374 (1970) (same for defendant on probation).

Additionally, the result we reach is consistent with Supreme Court Chief Justice Directive 86–2, *Directive Establishing Priorities for Probation Services, Authorizing the Adoption of Procedural and Administrative Standards, and Providing for the Voluntary Transfer of Personnel* (March 6, 1986) (Directive 86–2). Directive 86–2, distributed pursuant to the administrative power of the Chief Justice to supervise the judiciary, including the Probation Department, Colo. Const. art. 6, § 5(2), assigns a priority level to every function of the Probation Department and establishes the conditions under which various priority level functions will be performed. It places deferred judgment and sentence supervision within those "services to the court which are discretionary and may be provided if sufficient resources are available." This placement demonstrates that this function is not one the judicial branch is obligated to perform. Indeed, the Probation Department for the First Judicial District has concluded that it no longer has the resources to supervise deferred judgment defendants.

The Probation Department exists to aid the courts; it is not constitutionally required that it be under the authority of the judicial branch, but by statute it was placed there. Likewise, there is no constitutional requirement that defendants on deferred judgment be supervised by the judicial branch. *Cf.* § 17–2–101, et seq., C.R.S. (1986 Repl.Vol. 8A) (transferring supervision of parolees to the Department of Corrections, which is under the authority of the executive branch).

Hence, in our view, ADP's supervision of defendants on deferred judgment does not violate the doctrine of separation of powers, and therefore, defendant was not illegally induced to enter the plea agreement. The trial court properly denied defendant's motion to withdraw his plea of guilty.

## II.

We are also not persuaded by defendant's argument that even if supervision by ADP does not violate the separation of powers doctrine, the creation of ADP violates § 16–7–403.

Contrary to defendant's position, nothing in the statute requires the court to impose any supervision whatsoever on a defendant whose judgment is being deferred. The statute merely authorizes the court to place the defendant under supervision. Additionally, if the court does provide for supervision of the defendant, the statute does not require that

supervision to be exercised by the probation department. Again, the statute merely authorizes the court to order the defendant to be supervised by the probation department.

Further, the statute provides that when conditions are imposed on a defendant's deferred judgment, those conditions are to be "probation-like." Thus, the court has the authority to impose conditions which "the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life and to assist him to do so." Section 16–11–204, C.R.S. (1986 Repl.Vol. 8A). This would include a condition that the defendant be supervised by ADP, especially in a district in which the probation department does not have the resources to supervise that defendant.

Accordingly, the order denying defendant's request to withdraw his guilty is affirmed.

HUME and ROY, JJ., concur.