The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Shawn BISHOP, Defendant–Appellant.

No. 98CA1290.

Colorado Court of Appeals, Div. V.

Aug. 5, 1999.

Rehearing Denied Nov. 26, 1999.

Certiorari Denied Aug. 21, 2000.

**186**

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Roger G. Billotte Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Paul Grant, Parker, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Shawn Bishop, appeals the revocation of a deferred judgment and the entry of judgment of conviction and imposition of sentence on the original charged offense. We affirm.

Defendant entered a guilty plea on a charge of criminal attempt to obtain a controlled substance by fraud or deceit, a class six felony. He received a deferred judgment and sentence and, by stipulation, entered the First Judicial District's Adult Diversion Program (Diversion Program) for supervision during his two-year deferred sentence period. Under the stipulation, defendant agreed to comply with certain conditions imposed by the Diversion Program in exchange for his acceptance into the program.

Thereafter, the district attorney filed a motion to revoke the deferred judgment, alleging that defendant had failed to comply with several conditions. Following a hearing on the motion, the trial court revoked defendant's deferred judgment, entered judgment of conviction, and sentenced him to probation.

## I.

Defendant first contends the Diversion Program is unauthorized by law and was created by the district attorney without constitutional or statutory authority. We disagree.

Section 16–7–403, C.R.S.1998, provides for deferred sentencing of defendants and states in part:

(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, with the written consent of the defendant and his attorney of record and the district attorney, to continue the case for a period not to exceed four years from the date of entry of a plea to a felony ... for the purpose of entering judgment and sentence upon such plea of guilty.... *During such time, the court may place the defendant under the supervision of the probation department.*

(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, *the district attorney ... is authorized to enter into a written stipulation ... [which imposes on the defendant, conditions] similar in all respects to conditions permitted as part of probation.* (emphasis added)

A trial court has the discretion to impose conditions of probation which it "deems reasonably necessary to ensure that the defendant will lead a law-abiding life and to assist the defendant in doing so." Section 16–11–204(1), C.R.S.1998. Trial courts also have the authority to impose "any other conditions reasonably related to the defendant's

rehabilitation and the purposes of probation." Section 16–11–204(2)(a)(XV), C.R.S.1998. *See People v. Burleigh,* 727 P.2d 873 (Colo. App.1986) (§ 16–11–204(2) lists some conditions of probation that a trial court may impose but does not restrict it from imposing other reasonable restrictions).

■ In *People v. Method,* 900 P.2d 1282, 1284 (Colo.App.1994), a division of this court held that trial courts have the authority to order defendants to be supervised by a Diversion Program as a condition of their deferred judgments, and stated: "[I]t is inherent in [§ 16–7–403] that the district attorney may supervise the conditions under which deferred judgment [is] granted."

We view *People v. Method, supra,* as fatal to defendant's contention that the Diversion Program is unauthorized.

## II.

We also reject defendant's next contention that the Diversion Program constitutes an unconstitutional delegation of power to the district attorney because there are inadequate standards or guidelines governing the Diversion Program and its supervision by the district attorney.

■ It is presumed that a statute enacted by the General Assembly comports with constitutional standards; thus, a party challenging the constitutionality of a statute bears the burden of establishing its unconstitutionality. *People v. Lowrie,* 761 P.2d 778 (Colo. 1988).

The Colorado Constitution divides the powers of government into three departments: the legislative, executive, and judicial. *See* Colo. Const. art. III. The legislative power of the state is vested in the General Assembly. Colo. Const. art. V, § 1. *See also People v. Holmes,* 959 P.2d 406 (Colo.1998).

■ The "nondelegation doctrine" is rooted in the constitutional separation of powers and prohibits the General Assembly from delegating its legislative power to another department of government or person. The General Assembly does not improperly delegate its legislative power, however, when it describes what job must be done, who must

do it, and the scope of that authority. *See People v. Holmes, supra* (a reviewing court's task is to examine the standards and safeguards associated with the operation of a statute to determine whether nondelegation doctrine has been violated).

Colo. Const. art. III provides that:

[N]o person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.

■ Probation and deferred sentencing are creatures of statute and the terms of probation are derived from the statute. Thus, any conditions imposed as terms of probation must be authorized by the General Assembly. *See People v. Gore,* 774 P.2d 877 (Colo.1989). *See also* § 16–11–204, C.R.S. 1998 (discussing conditions of probation). Further, § 16–7–403(2), C.R.S.1998, which authorizes deferred prosecution and sentencing, provides that the conditions imposed in a stipulation for a deferred judgment and sentence shall be similar in all respects to conditions permitted as part of probation.

■ Here, as the trial court observed, the conditions of defendant's deferred judgment and sentence fall within the statutory provisions authorized for probation under § 16–11–204. And, § 16–7–403 does not delegate to the probation department or any other supervising agency the legislative power to go beyond these statutorily authorized terms and conditions.

We therefore conclude that, because the probation statutes set forth adequate guidelines for imposing conditions of probation and provide adequate standards and safeguards for imposing conditions of deferred judgment, the Diversion Program does not constitute an unconstitutional delegation of power to the district attorney.

## III.

Defendant also has suggested that the operation of the Diversion Program is unconstitutional as applied because revocation of pro-

bation has been virtually automatic in cases in which the Diversion Program has rejected a participant. However, the partial record before us contains no evidence that would allow us to reach that conclusion.

■ It is the duty of a defendant appealing a judgment of conviction to provide those portions of the record necessary to substantiate his claims on appeal. Absent such a record, appellate courts must presume that the actions of the trial court were correct. *People v. Rollins*, 759 P.2d 816 (Colo.App. 1988).

■ While the Diversion Program Council (Council) does have the power to terminate a client from its program, a revocation of a defendant's deferred judgment is not automatic. Under § 16–7–403(2), C.R.S.1998, the defendant first must be given notice of the specific allegations of program violations followed by an opportunity to be heard before the district court, and thereafter, the allegations must be proven by a preponderance of the evidence. *See People v. Berquist*, 916 P.2d 629 (Colo.App.1996).

Here, defendant was afforded a hearing before the trial court for such determination. However, on appeal defendant has only provided a partial transcript of that hearing which included his argument to the court that the diversion program was an illegal entity.

■ In support of that argument, defendant presented the deposition testimony of one witness, the director of the Diversion Program. Nowhere in her limited testimony does she suggest that the Program, rather than the court, determines whether revocation would occur. Nor is there any evidence about the percentage of cases in which revocation of a deferred judgment or probation follows or does not follow a participant's removal from the Diversion Program.

Thus, there is no basis on this record from which we may conclude that the operation of the Diversion Program is unconstitutional as applied.

## IV.

■ Given our conclusions that the trial court was authorized to impose supervision by the Diversion Program as a condition of deferred judgment and that the probation statutes provide adequate standards for such supervision, we also reject defendant's related contention that supervision by the unlawful Diversion Program violated his Fourth Amendment right to be secure in his person against an unreasonable seizure.

## V.

■ The defendant next contends that, because the Diversion Program is unconstitutional, the trial court lacked jurisdiction to revoke the deferred judgment. However, because we have rejected his constitutional attack, we similarly reject this related argument.

Defendant was supervised by the Diversion Program, but remained subject to the court's continuing jurisdiction to impose sentence for the original offense if he violated the conditions of the deferred judgment. *See People v. Method, supra;* § 16–7–403(2) (stipulation concerning deferred judgment shall specifically provide that "upon a breach by the defendant of any condition ... the court shall enter judgment and impose sentence upon [defendant's] guilty plea.").

## VI.

Finally, we reject defendant's contention that revocation of his deferred judgment violated his right to due process of law.

■ Persons alleged to have violated a condition of deferred sentence are not entitled to the full panoply of constitutional guarantees available to one who has not yet pled guilty to a crime. However, consistent with principles of due process, such persons must be given adequate notice of the alleged violations or charges against which they must defend. *People v. Berquist, supra. See* § 16–7–403(2).

■ Here, defendant was given proper notice of the alleged violations of the conditions of his deferred judgment and was afforded a hearing by the trial court. Accord-

ingly, we conclude that his due process rights were not violated.

Judgment affirmed.

Judge TAUBMAN and Judge ROY concur.