This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **NO. A-1-CA-35540**

**JASON CUNNINGHAM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Arturo B. Nieto
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant pled no contest to a single charge of criminal sexual contact of a

minor in the fourth degree (CSCM) in violation of NMSA 1978, Section 30-9-13(D)(1) (2003). Thereafter, Defendant filed a motion to withdraw his plea based on his claim that he had received ineffective assistance of counsel, thereby rendering his plea involuntary and unknowing. The district court denied his motion, and Defendant appealed.

{2}     Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we reserve discussion of the pertinent facts for our analysis.

**DISCUSSION**

{3}     Defendant proffers two possible bases for reversing the district court's denial of his motion to withdraw his plea. First, Defendant contends that his plea could not have been entered knowingly and voluntarily because he received ineffective assistance of counsel. Second, Defendant argues that the district court failed to advise him of the minimum sentence he faced, thus rendering his plea involuntary. We address each of Defendant's arguments in turn.

**I.     Whether Defendant Has Established a Prima Facie Case of Ineffective Assistance of Counsel**

{4}     "The decision of whether a defendant should be permitted to withdraw a plea is discretionary with the trial court; thus, on appeal we review the trial court's ruling to determine whether, under the facts offered in support of the motion, the trial court

abused its discretion." *State v. Lozano*, 1996-NMCA-075, ¶ 9, 122 N.M. 120, 921 P.2d 316. "In this context, a trial court abuses its discretion when it acts unfairly or arbitrarily, or commits manifest error by accepting a plea that is not knowingly and voluntarily given." *State v. Barnett*, 1998-NMCA-105, ¶ 12, 125 N.M. 739, 965 P.2d 323. "The relevant inquiry is whether [the d]efendant's plea was voluntary and knowing[.]" *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799. "Where, as here, a defendant is represented by an attorney during the plea process and enters a plea upon the advice of that attorney, the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea." *Barnett*, 1998-NMCA-105, ¶ 12.

{5}     To establish a prima facie claim of ineffective assistance of counsel, the defendant bears the burden of showing both that "(1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.' " *State v. Trammell*, 2016-NMSC-031, ¶ 16, 387 P.3d 220 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where the defendant fails to establish both prongs of this test in the context of a motion to withdraw a plea, the proper course of action is for the district court to deny the motion. *See Trammell*, 2016-NMSC-031, ¶ 28 (reversing this Court's reversal of the district court's denial of the defendant's motion to withdraw his plea agreement where the defendant had failed to prove that his counsel's deficient

3

performance prejudiced him and remanding for the district court to enter an order denying the motion).

**A.     Whether Defendant Has Shown That Counsel's Performance Was Deficient**

**{6}**     "As to the first prong, counsel's performance is deficient if it fell below an objective standard of reasonableness." *State v. Turner*, 2017-NMCA-047, ¶ 28, 396 P.3d 184 (alteration, internal quotation marks, and citation omitted), *cert. denied*, 2017-NMCERT-___ (No. S-1-SC-36368, Apr. 17, 2017). "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted). Appellate courts reviewing ineffective assistance claims "do not second guess defense counsel's strategic decisions." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032. To determine whether counsel was constitutionally ineffective, we first examine the merits of each of Defendant's proffered contentions as to how counsel's performance was deficient. *See State v. Hunter*, 2006-NMSC-043, ¶ 15, 140 N.M. 406, 143 P.3d 168.

**{7}**     Here, Defendant argues that counsel's performance was deficient because counsel failed to do the following: (1) investigate the CSCM charge; (2) file

4

"potentially meritorious pre-trial motions[;]" and (3) advise Defendant of the requirement to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), NMSA 1978, Sections 29-11A-1 through -10 (1995, as amended through 2013). Thus, Defendant bears the burden of establishing that a reasonably competent attorney would have undertaken the activities that counsel, here, allegedly failed to take. *See Hunter*, 2006-NMSC-043, ¶ 15. We consider each claimed failure in turn.

**1.    Failure to Investigate**

{8}    Defendant argues that "there were a number of avenues of investigation that trial counsel left unexplored." Specifically, Defendant contends that counsel's performance was deficient because he failed to (1) interview the alleged victim, her parents, or the investigating officers, (2) evaluate to what extent the alleged victim's father's position as a member of the Alamogordo Police Department "may have influenced the case[,]" and/or (3) "pursue the issue of whether the alleged victim's safehouse interview had been tainted as a result of her initial questioning by responding officers."

{9}    Defendant cites two Tenth Circuit cases—*Fisher v. Gibson*, 282 F.3d 1283, 1291 (10th Cir. 2002), and *Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986)—in support of the proposition that trial counsel's failure to conduct any

investigation is prima facie evidence of deficient performance. However, Defendant fails to offer anything more than recitations of general legal principles from these and other cases, from which he—with no factual context whatsoever—summarily concludes that his attorney's performance was unreasonable. It is not this Court's duty to construct Defendant's arguments on his behalf or to guess at what his arguments may be. *See State v. Murillo*, 2015-NMCA-046, ¶ 17, 347 P.3d 284 (explaining that where a defendant fails to develop requisite aspects of an argument, this Court "will not construct" an argument for him); *State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not adequately developed"); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

**{10}** Moreover, the record contains no evidence whatsoever regarding the reasons that trial counsel did not undertake the activities that Defendant now contends were necessary, leaving us both to surmise that there existed no sound strategy for not pursuing certain investigative avenues and to assume that counsel's failure to investigate was objectively unreasonable. This we will not do. *See State v. Arrendondo*, 2012-NMSC-013, ¶¶ 38-41, 44, 278 P.3d 517 (explaining that where "the record does not contain any evidence that counsel either intentionally or

negligently failed to investigate" allegedly "key evidence[,]" the defendant had failed to establish a prima facie case of ineffective assistance of counsel, leaving the defendant to pursue his claim through habeas corpus proceedings); *Turner*, 2017-NMCA-047, ¶ 28 (explaining that it is the defendant's burden to overcome the presumption that counsel's choices are sound trial strategy). Even on appeal, Defendant does nothing more than offer broad generalizations, arguing that "[c]ompetent defense counsel would also be aware that allegations in sexual abuse cases are occasionally fabricated, and fabrication can only be discovered through investigation, including interviews of the people closely associated with the alleged victim." But nowhere in the record is there any indication that Defendant contended that the alleged victim in this case fabricated her story, in which case trial counsel's failure to interview anyone in an effort to "nudge" Defendant's "one stone" (i.e., pursue a plausible defense) arguably might support a claim of ineffective assistance of counsel. *Cf. Coleman*, 802 F.2d at 1233-34 (concluding that where the defendant "specifically requested before the court that his attorney subpoena" a potential alibi witness and "[i]n light of the strong case against [the defendant] and the seriousness of the charges, it was improper for his attorney to fail to investigate what was perhaps [the defendant's] sole line of defense"). In other words, Defendant points to no moment in the trial proceeding where it was ever claimed that the accusation against

7

him was not credible and does nothing more than speculate about possible taint in the investigation without pointing to any evidence thereof, we can hardly say that trial counsel's choice not to investigate those possible defenses constituted deficient performance. We conclude that Defendant has failed to demonstrate that trial counsel's failure to interview the victim and her family, investigate whether victim's father "may have influenced the case[,]" and pursue whether victim's safehouse interview "had been tainted" fell outside the range of reasonable representation.

**2.       Failure to File "Potentially Meritorious Pre-trial Motions"**

{11}      As to this next claimed deficiency, Defendant does nothing more than summarily state that "[c]ounsel's failure to pursue potentially meritorious pre-trial motions raises substantial questions of ineffective assistance of counsel." Defendant neither identifies any particular pre-trial motions that counsel should have pursued nor establishes that the facts would have supported the unspecified motions and that a reasonably competent attorney could not have decided that those motions were unwarranted. As such, and because this Court has no duty to review unclear arguments, we conclude that Defendant has failed to meet his burden of showing that this alleged failure rendered counsel's performance deficient. *See Hunter*, 2006-NMSC-043, ¶ 15 (explaining that the defendant claiming ineffective assistance based on counsel's failure to file a motion "must establish that the facts support the motion

or challenge, and that a reasonably competent attorney could not have decided the motion was unwarranted"); *Headley*, 2005-NMCA-045, ¶ 15 (explaining that this Court "will not review unclear arguments, or guess at what [a party's] arguments might be").

**3.      Failure to Advise Defendant of SORNA Requirement**

{12}      Lastly, Defendant argues that trial counsel's performance was deficient because he failed to advise Defendant that his no contest plea would carry with it the collateral consequence of having to register as a sex offender under SORNA. The State appears to concede that this constituted deficient performance but argues that Defendant has failed to establish that this "apparent failure" prejudiced him. While we are not bound by the State's concession, *see State v. Neatherlin*, 2007-NMCA-035, ¶ 21, 141 N.M. 328, 154 P.3d 703, we agree with Defendant that trial counsel's failure to advise Defendant of the consequences under SORNA amounted to deficient performance.

{13}      In *State v. Edwards*, 2007-NMCA-043, ¶ 31, 141 N.M. 491, 157 P.3d 56, this Court held that "defense counsel has an affirmative duty to advise a defendant charged with a sex offense that a plea of guilty or no contest will almost certainly subject the defendant to the registration requirements of SORNA." We explained that "[p]roper advice will also include a discussion regarding what SORNA registration will mean, both in terms of the specific registration and notification provisions set forth in

9

Sections 29-11A-4, -4.1, -5, -5.1, and -7, as well as the likely social consequences of being a registered sex offender." *Edwards*, 2007-NMCA-043, ¶ 31.

{14}    The record in this case reveals that at Defendant's change of plea hearing, the district court asked Defendant whether he had been advised by counsel of Defendant's duty to register as a sex offender under SORNA. When Defendant responded that he had "done [his] own research" and informed the court that counsel had not advised him regarding SORNA, the district court called a recess in order for counsel to "have a conversation with [Defendant] about that." After a recess lasting less than thirty seconds, the district court again asked Defendant whether counsel had advised him of the registration requirement under SORNA, at which time Defendant responded, "Yes, ma'am." The district court, upon completing its colloquy, accepted Defendant's no contest plea, finding it to be voluntarily and knowingly made.

{15}    While the conversation between counsel and Defendant that occurred during the brief recess is not a matter of record, we have no difficulty concluding as a matter of law that it could not have satisfied the requirement of *Edwards*. *Id. Edwards* establishes the "minimum advice" regarding the collateral consequences under SORNA that counsel must provide to a defendant in order to be considered effective. *Id.* The minimum advice required includes a discussion of five sections of the SORNA, covering (1) registration, including when and where to register, what

10

information must be provided upon registration, when and how to update registration information, disclosing sex offender status to employers, ongoing verification of registration information, and the criminal penalties for noncompliance, *see* § 29-11A-4; (2) procedures when a sex offender moves from New Mexico to another state, *see* § 29-11A-4.1; (3) how and for how long different registries of sex offenders are maintained, *see* § 29-11A-5(D)(2); (4) public access to information regarding certain registered sex offenders, *see* § 29-11A-5.1; and (5) how sex offenders are to be notified of their duty to register, *see* § 29-11A-7. It further requires a discussion regarding "the likely social consequences of being a registered sex offender." *Edwards*, 2007-NMCA-043, ¶ 31. Under the facts of this case, trial counsel could not have properly advised Defendant regarding the registration requirements of SORNA during the very brief recess the district court held in the middle of the change of plea hearing. However, counsel's deficient performance does not, alone, entitle Defendant to the relief he seeks. Defendant must also prove that counsel's failure to advise Defendant regarding SORNA resulted in prejudice to Defendant. *See id.* ¶ 33.

**B.      Whether Defendant Was Prejudiced by Counsel's Deficient Performance**

{16}      In the context of plea agreements, in order to satisfy the "prejudice" prong of the *Strickland* test, the defendant must establish that "but for counsel's errors, he would not have pleaded guilty and instead gone to trial. . . . The question is whether

11

there is a reasonable probability that the defendant would have gone to trial instead of pleading guilty or no contest had counsel not acted unreasonably." *Patterson*, 2001-NMSC-013, ¶ 18 (internal quotation marks and citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[A] defendant seeking to establish that there is a reasonable probability that he or she would have gone to trial generally must introduce evidence beyond self-serving statements." *Edwards*, 2007-NMCA-043, ¶ 35.

**{17}** Here, Defendant argues generally that "there is more than a 'reasonable probability' that [Defendant] would have rejected the plea and gone to trial had he been properly advised." However, he neither offers any explanation as to how counsel's specific failure to advise him regarding SORNA prejudiced him nor points to any evidence to support the required inference that had counsel fully informed Defendant as required by *Edwards*, Defendant would have chosen to go to trial instead of pleading. In fact, the record supports the opposite conclusion: that counsel's failure to advise Defendant regarding SORNA was of no consequence in Defendant's decision to change his plea. That is because by Defendant's own admission to the district court, Defendant had conducted his own research regarding SORNA and stated that he "knew" what the registration requirements were. As well, after the conversation both with the district court and his counsel, Defendant at a minimum was

aware of his responsibility to register under SORNA yet persisted in his plea, which was then accepted by the district court. While we agree with Defendant that, in light of *Edwards*, Defendant's own research into the requirements of SORNA could not be "considered sufficient substitute for the advice and effective representation of counsel[,]" we are satisfied that this evidence supports the conclusion that there is not a reasonable probability that Defendant would have elected to go to trial had counsel adequately advised him of SORNA's registration requirements. In other words, we conclude that Defendant has failed to establish that he was prejudiced by counsel's deficient performance.

**II.     Whether the District Court Failed to Properly Advise Defendant of the Penalties He Faced, Thereby Rendering His Plea Involuntary**

{18}     Defendant alternatively urges this Court to conclude that his plea could not have been entered voluntarily and knowingly because the district court failed to comply with its obligations under Rule 5-303(F)(2) NMRA with respect to advising Defendant regarding the minimum sentence he faced by pleading no contest. Defendant misunderstands Rule 5-303(F)(2) and the district court's obligations thereunder vis-à-vis the particular facts of this case.

{19}     Rule 5-303(F)(2) provides, in pertinent part, that a district court "shall not accept a plea of . . . no contest without first, by addressing the defendant personally in open court, informing the defendant of and determining that the defendant

13

understands . . . the mandatory minimum penalty provided by law, *if any*, and the maximum possible penalty provided by law." (Emphasis added.) Defendant complains that he was never "advised regarding the minimum sentence during the change of plea hearing." But the particular offense to which Defendant pled—CSCM in the fourth degree—does not contain a mandatory minimum sentence, unlike, for example, CSCM in the second degree. *Compare* § 30-9-13(B) (providing that "[w]hoever commits [CSCM] in the second degree is guilty of a second degree felony for a sexual offense against a child and, notwithstanding the provisions of [NMSA 1978,] Section 31-18-15 [2016] (*shall be sentenced to a minimum term of imprisonment of three years, which shall not be suspended or deferred*") (emphasis added)), *with* §§ 30-9-13(D)(2) (providing that "[w]hoever commits [CSCM] in the fourth degree is guilty of a fourth degree felony") *and* 31-18-15(A)(13), (B) (providing that "[t]he . . . basic sentence of imprisonment" for a fourth degree felony is eighteen months and granting sentencing courts discretion to alter basic sentences). Thus, we conclude that the district court did not err by failing to inform Defendant of a mandatory minimum sentence where no such penalty existed.

**CONCLUSION**

{20}     For the foregoing reasons, we affirm the district court's order denying Defendant's motion to withdraw his plea.

14

{21}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**STEPHEN G. FRENCH, Judge**